(September 29, 1920.)

## F. L. ALLEN, CHARLES CRAWFORD, C. H. RYAN, D. M. RIPLEY and A. C. McCOY, Appellants, v. DOUMECQ HIGHWAY DISTRICT, C. E. MORGAN, V. E. FICK and SAMUEL JONES, Individually, and as Commissioners of DOUMECQ HIGHWAY DIS-TRICT, Respondents.

[192 Pac. 662.]

CONSTITUTIONAL LAW—HIGHWAY DISTRICTS—BONDS—ELECTIONS.

1. The constitution, art. 8, sec. 3, prohibits a highway district from incurring any indebtedness, except for ordinary and necessary expenses authorized by the general laws of the state, in excess of the income and revenue provided for it for the year in which such indebtedness is sought to be incurred, without the assent of two-thirds of the qualified electors thereof voting at an election to be held for that purpose, nor unless, before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same.

2. In an election to determine whether or not a highway district shall issue and sell bonds, where the purposes for which the money to be raised thereby constitute separate and distinct proposals, they must be separately stated in order that a voter may cast his vote in favor of one and against the other if he desires to do so.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Wallace N. Scales, Judge.

Action to enjoin issuance and sale of bonds. Judgment for defendants. *Reversed.*

A. S. Hardy, for Appellants.

Two or more propositions submitted and voted on as one question and without being stated separately invalidate both "attorney's resolution" and election, being questions of ex-

2. Necessity of stating singly propositions submitted to voters, see notes in 2 Ann. Cas. 369; 12 Ann. Cas. 851; Ann. Cas. 1912D, 319.

penditure for bridge across Salmon River (an extraordinary expenditure), expenditure for roads and expenditure for machinery, etc. (*Ostrander v. City of Salmon*, 20 Ida. 153, 117 Pac. 692; *City of Denver v. Hayes*, 28 Colo. 110, 63 Pac. 311; *McBryde v. City of Montesano*, 7 Wash. 69, 34 Pac. 559; *City of Leavenworth v. Wilson*, 69 Kan. 74, 2 Ann. Cas. 367, 76 Pac. 400; *Elyria etc. Water Co. v. City of Elyria*, 57 Ohio St. 374, 49 N. E. 335; *State v. Brasington*, 93 S. C. 447, 76 S. E. 1086; *Truelsen v. Mayor of Duluth*, 61 Minn. 48, 63 N. W. 714; *Brown v. Carl*, 111 Iowa, 608, 82 N. W. 1033; *Lanigan v. Town of Gallup*, 17 N. M. 627, 131 Pac. 997; *State v. Wilder*, 217 Mo. 261, 116 S. W. 1087; *Sommercamp v. Kelly*, 8 Ida. 712, 71 Pac. 147; *Howard v. Independent School District*, 17 Ida. 537, 106 Pac. 692; *Corker v. Village of Mountain-Home*, 20 Ida. 32, 116 Pac. 108; *Platt v. City of Payette*, 19 Ida. 470, 114 Pac. 25; *Independent Highway District v. Ada County*, 24 Ida. 416, 134 Pac. 542.)

If there had been any attempted "agreement" between the commissioners of the three districts such as is pretended, it would have been invalid and of no force, an attempt to create a debt in excess of the revenue of that year, and to bind the district without a vote of the people authorizing the bond issue. (*County of Ada v. Bullen Bridge Co.*, 5 Ida. 79, 47 Pac. 818, 36 L. R. A. 367; *McNutt v. Lemhi County*, 12 Ida. 63, 84 Pac. 1054; *Feil v. City of Coeur d'Alene*, 23 Ida. 32, 129 Pac. 643, 43 L. R. A., N. S., 1095; *Boise Dev. Co. v. Boise City*, 26 Ida. 347, 143 Pac. 531.)

Miles S. Johnson, for Respondents.

"Highways are roads, streets, alleys and bridges." (C. S., sec. 1490.)

The object, as clearly stated in the resolution, was to build roads to connect with the Salmon River bridge and to apply some $5,000 on this bridge. Both bridges and roads are but parts of one general system. The bridges taken with the other parts of the road constitute the highway of the county. This court has held that a bond issue submitting roads and

bridges did not state two questions but one. (*Independent Highway Dist. No. 2 v. Ada County,* 24 Ida. 416, 134 Pac. 542; *State v. Carbon County,* 38 Utah, 563, 114 Pac. 522.)

MORGAN, C. J.—Appellants commenced this action to procure an injunction restraining respondents from issuing, negotiating or selling bonds of Doumecq Highway District declared to have been authorized at an election held by the qualified electors thereof to whom the following question was submitted pursuant to a resolution adopted by the board of commissioners on February 22, 1919:

"Shall Doumecq Highway District in Idaho county, state of Idaho, and its highway board be empowered and authorized to issue the negotiable coupon bonds of the district in the amount of $17,000 bearing interest at a rate not to exceed six per cent per annum; said bonds to bear date April 1, 1919, payable twenty years after date; interest to be paid semi-annually January 1st and July 1st each year; for the purpose of constructing, improving and repairing highways in the said Doumecq Highway District, and in particular therefor to expend not to exceed $5,000 to construct and aid in the construction of a wagon bridge across the Salmon River at or near the mouth of Whitebird Creek (said mouth of Whitebird Creek being in Whitebird Highway District, adjoining Doumecq Highway District), and to expend $12,000.00 on roads to be constructed and maintained to connect with said bridge; and also for the purpose of purchasing material and machinery and defraying necessary expenses of the district in connection therewith?

| | |
|---|---|
| "IN FAVOR of issuing bonds to the amount of $17,000 for the purposes stated in the resolution of February 22, 1919. | ◯ |
| "AGAINST issuing bonds of the amount of $17,000 for the purposes stated in the resolution of February 22, 1919. | ◯ |

"Elector will place a cross (X) in the circle following the expression of his vote."

The trial resulted in a decree denying the injunction and dismissing the action from which, and from an order overruling a motion for a new trial, this appeal is prosecuted.

Appellants insist the election is invalid because two proposals were submitted as one question and the voters were not given an opportunity to exercise the elective franchise on these matters separately, but were required to vote for or against them together.

Respondents rely on *Independent Highway District No. 2 v. Ada Co.,* 24 Ida. 416, 134 Pac. 542, wherein it was held that election notices providing that the proceeds of the sale of bonds were to be used in the construction of roads and bridges did not state a double purpose, since bridges and roads are parts of the general highway system, but the facts in that case are so different from those now before us, that it does not constitute a precedent which may be safely followed in the case at bar.

The boards of commissioners of Whitebird, Deer Creek and Doumecq Highway Districts, at a joint meeting, agreed to construct a bridge across Salmon River, which flows between them, Whitebird being on one side and Deer Creek and Doumecq on the other, and to apportion the cost thereof among the three districts.

Pursuant to this agreement, and in order to raise money with which to build the bridge, bond elections were held which, in Whitebird and Deer Creek districts, resulted in favor of, and in Doumecq district against, the issuance and sale of bonds.

It was then agreed between the commissioners of Deer Creek and Doumecq that the former district would pay the latter's share of the cost of the bridge and the latter district would repay to the former the money so advanced. Thereafter the bridge was constructed at a cost of $22,765. together with an additional sum for extra concrete and re-enforcing steel, two thousand dollars of which was paid by Idaho county and of the balance Whitebird district paid 32.6% and Deer Creek district paid 67.4%.

The evidence clearly establishes that the $5,000 item was placed in the proposal for a bond issue for the purpose of raising money with which to reimburse Deer Creek district, in whole or in part, for expenditures made by it pursuant to the agreement between its commissioners and those of Doumecq district.   It is also clearly established that the latter district has never had an income provided for it for any year since it came into existence sufficient to meet the obligation which its board of commissioners sought, by that agreement, to contract against it.

The constitution of Idaho, art. 8, sec. 3, provides:

"No county, city, town, township, board of education, or school district, or other subdivision of the state, shall incur any indebtedness, or liability, in any manner, or for any purpose, exceeding in that year, the income and revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof voting at an election to be held for that purpose, nor unless, before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same.   Any indebtedness or liability incurred contrary to this provision shall be void.   Provided, That this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state."

The cost of construction of the bridge was not an ordinary and necessary expense authorized by the general laws of the state, and the effort to incur an indebtedness on the part of Doumecq Highway District by agreement between its board of commissioners and that of Deer Creek district was in contravention of the section of the constitution above quoted and void.   (*McNutt v. Lemhi County*, 12 Ida. 63, 84 Pac. 1054; *Feil v. City of Coeur. d'Alene*, 23 Ida. 32, 129 Pac. 643, 43 L. R. A., N. S., 1095; *Boise Development Co., Ltd., v. Boise City*, 26 Ida. 347, 143 Pac. 531; *School Dist. No. 8 v. Twin Falls etc. Ins. Co.*, 30 Ida. 400, 164 Pac. 1174.)

The question submitted to the voters contained not only the proposal to issue and sell the bonds of the district and to expend $12,000 of the proceeds thereof in constructing, improving and repairing roads, but also, while not expressly stated, to ratify, if it can be ratified (*McNutt ·v. Lemhi Co., supra*), the agreement of the commissioners to repay to Deer Creek district the money advanced by it for the Doumecq district in payment of the latter's proportionate share of the cost of constructing the bridge across Salmon River, and to expend not to exceed $5,000 of the proceeds of the sale of the bonds toward the payment thereof.

These were separate and distinct proposals and because of the manner in which they were submitted a voter could not cast his ballot in favor of one of them and against the other if he desired to do so but, in order to vote to issue and sell bonds for road construction and improvement, it was necessary for him, whether he wanted to do so or not, to vote to issue and sell bonds to pay the claim of the Deer Creek Highway District. For this reason the election is invalid. (*Ostrander v. City of Salmon,* 20 Ida. 153, 117 Pac. 692, and cases therein cited.)

The judgment appealed from is reversed. Costs are awarded to appellants against respondent Doumecq Highway District.

Rice and Budge, JJ., concur.