(August 3, 1923.)

## DEER CREEK HIGHWAY DISTRICT, Appellant, v. DOUMECQ HIGHWAY DISTRICT, Respondent.

[218 Pac. 371.]

CONTRACTS—CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—HIGH-WAY DISTRICTS — POWERS OF — NOTICE — QUANTUM MERUIT — ES-TOPPEL.

1. Contracts entered into and indebtedness or liability incurred in contravention of art. 8, sec. 3, of the constitution are void.

2. There can be no recovery upon a void contract.

3. Where an express contract is in violation of the provisions of the constitution and has been declared void, there can be no recovery for the same transaction upon *quantum meruit*.

4. An estoppel can never be invoked in aid of a contract which is expressly prohibited by a constitutional or statutory provision.

5. A municipal corporation is chargeable with knowledge of the limitations fixed by law upon the powers of another municipal corporation with which it deals.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Wallace N. Scales, Judge.

Action upon contract. Judgment for defendant. *Affirmed.*

James F. Ailshie and B. Auger, for Appellant.

The prohibition of sec. 3, art. 8, of the state constitution, with reference to contracting indebtedness, was intended to

apply to transactions between municipal corporations and individuals or private corporations, and was never intended to prevent the application of the doctrine of estoppel where the transaction is between two municipal corporations organized under the same law and having the same powers. (*City of Colorado Springs v. Colorado City,* 42 Colo. 75, 94 Pac. 316; *Boise Development Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032; McQuillin on Mun. Corp., secs. 1255, 2637; *Argenti v. San Francisco,* 16 Cal. 255; *Pimental v. City of San Francisco,* 21 Cal. 351; *Boise City v. Wilkinson,* 16 Ida. 150, 102 Pac. 148; *People v. Alturas County,* 6 Ida. 418, 55 Pac. 1067, 44 L. R. A. 122; *Hesse v. Strode,* 10 Ida. 250, 77 Pac. 634; *Hemenway v. Craney,* 36 Ida. 11, 208 Pac. 410; *City of Twin Falls v. Harlan,* 27 Ida. 769, 151 Pac. 1191; *Chicago v. Sawyer,* 166 Ill. 290, 46 N. E. 759; *California-Oregon Power Co. v. City of Medford,* 226 Fed. 957; *Railway Co. v. McCarthy,* 96 U. S. 258, 24 L. ed. 693; *City of Chicago v. Sexton,* 115 Ill. 230, 2 N. E. 263; *Hitchcock v. City of Galveston,* 96 U. S. 341, 24 L. ed. 659; *Brown v. City of Atchison,* 39 Kan. 37, 7 Am. St. 515, 17 Pac. 465; *Portland v. Bituminous Paving Co.,* 33 Or. 307, 72 Am. St. 713, 52 Pac. 28, 44 L. R. A. 527; *Nicholasville Water Co. v. Nicholasville* (Ky.), 38 S. W. 430; *City of Mount Vernon v. State,* 71 Ohio St. 728, 104 Am. St. 783, 73 N. E. 515; *Thomson v. Town of Elton,* 109 Wis. 607, 85 N. W. 424; *State v. Wilkinson,* 20 Neb. 610, 31 N. W. 376; *Moore v. Ramsey City,* 104 Minn. 30, 115 N. W. 750.)

The rule of nonliability of a municipal corporation on an illegal contract does not apply where the municipality has made a good faith attempt to pay or perform its part of the contract, but did not act in conformity with the law. (*North River Electric Light Co. v New York,* 48 App. Div. 14, 62 N. Y. Supp. 726, and cases cited.)

A. S. Hardy, for Respondent.

The liability is prohibited by art. 8, sec. 3, of the constitution and by C. S., sec. 1516. (*Bannock Co. v. C. Bunting & Co.,* 4 Ida. 156, 37 Pac. 277; *Ada County v. Bullin Bridge*

*Co.*, 5 Ida. 79, 47 Pac. 818, 36 L. R. A. 367; *Dunbar v. Board of Commissioners*, 5 Ida. 407, 49 Pac. 409; *Ball v. Bannock Co.*, 5 Ida. 602, 51 Pac. 454; *McNutt v. Lemhi Co.*, 12 Ida. 63, 84 Pac. 1054; *School Dist. v. Twin Falls etc. I. Co.*, 30 Ida. 400, 164 Pac. 1174; *Allen v. Doumecq Highway District*, 33 Ida. 249, 192 Pac. 662; *Feil v. City of Coeur d'Alene*, 23 Ida. 32, 129 Pac. 643, 43 L. R. A., N. S., 1095; *Boise Development Co. v. Boise City*, 26 Ida. 347, 143 Pac. 531; *O'Neil Eng. Co. v. Incorporated Town of Ryan*, 32 Okl. 738, 124 Pac. 19; *San Francisco Gas Co. v. Brickwedel*, 62 Cal. 641; *McBean v. City of Fresno*, 112 Cal. 159, 53 Am. St. 191, 44 Pac. 358, 31 L. R. A. 794; *Gulf Paving Co. v. City of Atlanta*, 149 Ga. 114, 99 S. E. 374; *Smith v. Broderick*, 107 Cal. 644, 48 Am. St. 167, 40 Pac. 1033.)

There is no so-called "injustice" in the fact that defendant does not pay the claim of plaintiff, as it is illegal; and plaintiff also had full knowledge that it was unenforceable at all times. It was its duty not to pay it. (*Salt Creek v. King Iron Co.*, 51 Kan. 520, 33 Pac. 303; *City of Plattsmouth v. Murphy*, 74 Neb. 749, 105 N. W. 293; *Arnott v. City of Spokane*, 6 Wash. 442, 33 Pac. 1063; *Gutta-Percha v. Village of Ogalalla*, 40 Neb. 775, 42 Am. St. 696, 59 N. W. 513.)

There was no lack of knowledge on the part of plaintiff that defendant lacked power to incur the liability, and it was charged with both actual and constructive or imputed knowledge. (28 Cyc. 1335, n. 81–83, 1388; McQuillin on Munic. Corp. 2810; *Powers v. Boise City*, 22 Ida. 286, 125 Pac. 194; *Sims v. Frankfort*, 79 Ind. 446.)

There was no ratification, estoppel or implied contract and could be none involved in the facts shown in this case. (*Zottman v. San Francisco*, 20 Cal. 96, 81 Am. Dec. 96; *School Dist. v. Twin Falls etc.*, 30 Ida. 400, 164 Pac. 1174; *McNutt v. Lemhi County*, 12 Ida. 63, 84 Pac. 1054; McQuillin on Munic. Corp., sec. 1164; Smith on Munic. Corp., secs. 660, 745; *Noel v. San Antonio*, 11 Tex. Civ. 580, 35 S. W. 263; *Salt Creek Tp. v. King Iron etc. Co.*, supra; *City of Plattsmouth v. Murphy*, supra; *City of Litch-*

*field v. Ballou*, 114 U. S. 190, 5 Sup. Ct. 820; *Marion Sav. Bank v. Dunkin*, 54 Ala. 471; *Mullins v. Kansas City*, 268 Mo. 444, 188 S. W. 193; *City of Laporte v. Gamewell etc. Co.*, 114 Ind. 466, 58 Am. St. 359, 45 N. E. 588, 35 L. R. A. 686; *Miller v. Lewiston-Clarkston Co.*, 35 Ida. 669, 209 Pac. 194; *McDonald v. Mayor, etc.*, 68 N. Y. 23.)

No recovery can be had upon *quantum meruit*, it being simply an implied promise; and the prohibitions of the constitution and statute extending to a liability upon *quantum meruit* as well as upon express contract. (*Dickinson v. City of Poughkeepsie*, 75 N. Y. 65; *Niles Water Works v. City of Niles*, 59 Mich. 311, 26 N. W. 525; *M'Brian v. City of Grand Rapids*, 56 Mich. 95, 22 N. W. 206; *Hampton v. Commissioners Logan Co.*, 4 Ida. 646, 43 Pac. 324; *Edison Elec. Co. v. City of Pasadena*, 178 Fed. 425, 102 C. C. A. 407; *Reams v. Cooley*, 171 Cal. 150, Ann. Cas. 1917A, 1260, 152 Pac. 293; 19 R. C. L., Munic. Corp., secs. 352, 360; *Goose R. Bank v. Willowlake S. Tp.*, 1 N. D. 26, 44 N. W. 1002; *Superior Mfg. Co. v. School Dist.*, 28 Okl. 293, 114 Pac. 328.)

McCARTHY, J.—Three causes of action are set forth in the amended complaint upon which this action is based. In the first cause of action appellant bases his right to recover upon contract and alleges that appellant, respondent and the Whitebird Highway District are duly organized highway districts; that appellant highway district is bounded on the north by respondent highway district, and on the east by Salmon River, which is the western boundary of the Whitebird Highway District, and also the eastern boundary of respondent highway district, and the Whitebird Highway District is located and adjacent to both appellant and respondent districts and on the opposite side of Salmon River; that in June, 1918, and for some time prior thereto, and some months thereafter appellant, respondent and the Whitebird Highway District were confined to the use of privately owned toll ferries as a means of crossing Salmon River and this was the only manner in which residents of appellant and respondent districts were able to reach the railroad,

transact their business at the county seat, and market their livestock and produce. Appellant then alleges the natural conditions surrounding Salmon River in this vicinity, the instalation of toll ferries and the danger occasioned by their use during the high-water season. The passage of three bills at different sessions of the legislature to construct a bridge in this vicinity and their veto by the Governors in office is also alleged. It is then alleged that appellant, respondent and the Whitebird Highway District entered into a contract for the construction of a bridge across said river, at a point at and near the mouth of Whitebird Creek from the east side in said Whitebird Highway District to a point opposite in said respondent district; and that it was agreed the expense of the construction of such bridge should be borne equally by appellant, respondent, and the Whitebird Highway District; that respondent solicited and requested appellant to carry on said work and pay respondent's share of the cost and expense of material, work and labor in the construction of said bridge and agreed to pay appellant all sums expended by it for respondent in order to pay and discharge its one-third of the cost; that after the bridge was constructed the Whitebird Highway District paid its one-third of the cost of construction and appellant paid two-thirds, covering its own proportion and respondent's, the latter being $7,588; that no part of this has been paid and it is due and owing from respondent to appellant.

In the second cause of action appellant seeks to recover, upon *quantum meruit*, the reasonable value of one-third of the cost of construction of the bridge.

The third cause of action is based upon the promise of respondent to pay one-third the cost of construction and the resultant damage occasioned appellant upon its failure to comply with its promise.

General and special demurrers were filed to each cause of action and to the complaint as a whole. The court sustained the demurrer upon the ground that the said complaint does not state facts sufficient to constitute a cause of action. Upon appellant's refusal to amend, judgment was entered

dismissing the action and awarding costs in favor of respondent. From the order sustaining the demurrer and from the judgment this appeal is taken.

Appellant specifies two errors: (1) sustaining the demurrer to each cause of action, (2) dismissing the action and awarding judgment in favor of respondent.

The contract upon which the first cause of action is based received the consideration of this court in the case of *Allen v. Doumecq Highway District*, 33 Ida. 249, 192 Pac. 662, an action brought to enjoin the issuance, negotiation ,and sale of bonds of respondent district, the proceeds of which were to be used for the purpose of paying for its proportion of the costs of construction of the bridge in question, not to exceed $5,000, and also for other highway purposes. The court held that the election was invalid because there were two separate and distinct proposals, submitted in such a way that the voter could not cast his vote in favor of one and against the other if he desired to do so. The court also said:

"The cost of construction of the bridge was not an ordinary and necessary expense authorized by the general laws of the state, and the effort to incur an indebtedness on the part of Doumecq Highway District by agreement between its board of commissioners and that of Deer Creek district was in contravention of the section of the constitution above quoted (Const., art. 8, sec. 3) and void."

It also pointed out that respondent did not have and had never had an income sufficient to meet the obligation which its board of commissioners sought to contract against it. The purport of the decision thus is that, since the contract sought to impose a liability upon respondent in excess of its income and revenue, and since the election was invalid, the contract is void. Appellant's counsel contends that the statements of the court to the effect that the contract was void are *obiter dictum*. Strictly speaking, this may be true, since the precise question for decision was whether or not the election was valid, and that depended upon the method of conducting it rather than upon the nature of the contract. However, the views expressed by the court in regard to the

contract are entirely sound; we approve them, and make them the law of this case. It is elementary that there can be no recovery on a void contract. The court properly sustained the demurrer to the first cause of action.

Appellant seeks, in his second cause of action, to recover the reasonable value of one-third the cost of construction of the bridge. Article 8, sec. 3, of the constitution, referred to in *Allen v. Doumecq Highway District, supra,* declares "any indebtedness incurred contrary to this provision shall be void." It does not merely say that a contract entered into in violation of its provisions shall be void, but extends such invalidity to any indebtedness or liability incurred contrary to its provisions. The contract has been declared void for that reason. Indebtedness or liability may be incurred expressly or impliedly. The making of the contract was an attempt to incur indebtedness expressly and this the court held void. If the debt could not be incurred expressly it certainly could not be incurred impliedly, and if appellant was not entitled to recover upon the contract he could not recover upon *quantum meruit.* It would simply be an attempt to do indirectly what could not be done directly. The lower court correctly sustained the demurrer to the second cause of action.

Estoppel is relied upon by appellant as the basis of its third cause of action, the theory being that appellant relied upon the promise of respondent to pay its proportion of the cost of construction, that respondent had benefited, and should be estopped to set up the illegality of the contract as a defense. Highway districts are creatures of the statute, their powers are limited, persons dealing with them are conclusively presumed to know the extent of their powers, and one entering into contracts with them in excess of their powers does so at his peril. They have only the powers expressed in the statute and such as may be necessarily implied. Circumstances almost identical with those of the instant case are to be found in *Gillette-Herzog Mfg. Co. v. Canyon County* (C. C. Ida.), 85 Fed. 396, where a contractor sought to enforce a contract for the construction of two

bridges entered into with the county commissioners of Canyon county. The court declared the contract void as in violation of art. 8, sec. 3, of the constitution, the same section under which the contract in the instant case was held to be void. In that case the court said:

"Plaintiff's counsel further say that, if the contract was not authorized, yet, as the defendant made it, as the bridges were constructed in pursuance of it, as there was no fraud in the transaction, and as defendant accepted the bridges, and has since had the benefit thereof, it must pay for them their fair value as upon an implied contract, and, as in support of this view, cite, among other authorities, *Pacific Bridge Co. v. Clackamas Co.*, 45 Fed. 218; *Barber Asphalt Paving Co. v. City of Harrisburg*, 64 Fed. 283, 12 C. C. A. 100; *Hitchcock v. Galveston*, 96 U. S. 341, 24 L. ed. 659; and *Norton v. Shelby Co.*, 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. ed. 178. If such is the law, it follows that this constitutional provision is utterly useless. In open defiance of it, reckless officials could burden the people with bankruptcy. Surely, the fundamental law of the state cannot be so easily overthrown. Will the authorities cited be found, upon careful examination, to sustain counsel's views? By such examination it will be found that there was reason in each case why the contract was not absolutely *ultra vires;* that, while there was authority for making, only some irregularity occurred in the mode of compliance or payment. . . . . The distinction between the two classes of cases is that when there is authority to make the contract, but some irregularity has occurred in its provision for payment or any other irregularity which does not turn upon the power to make it, and a corporation has received the benefit of the work done, it may be compelled to pay for it; but when the contract is absolutely and directly prohibited by some statutory or constitutional enactment, the contract is void, and it cannot be enforced either as an express or implied contract; and so it must now be held of the one in question."

This court has determined the question of estoppel adversely to appellant's contention:

"An estoppel can never be invoked in aid of a contract which is expressly prohibited by a constitutional or statutory provision." (*School District v. Twin Falls County*, 30 Ida. 400, 164 Pac. 1174. See, also, *McNutt v. Lemhi County*, 12 Ida. 63, 84 Pac. 1054.)

Appellant has cited many authorities in support of its contention that a municipality may be estopped to set up as a defense illegality of a contract into which it has entered. *Brown v. City of Atchison*, 39 Kan. 37, 7 Am. St. 515, 17 Pac. 465, and *California-Oregon Power Co. v. City of Medford*, 226 Fed. 957, would seem to bear out appellant's contention in the present case. In most of the authorities cited, however, it appears that the contract was within the lawful power of the municipality, but was rendered invalid by some irregularity. Almost all of the authorities agree with the holding of this court in *School District v. Twin Falls County, supra*, that there can be no estoppel if the contract was expressly prohibited by the constitution or statute, or if it was entirely beyond the power of the municipality. Appellant relies strongly on *Argenti v. City of San Francisco*, 16 Cal. 255, and *Pimental v. City of San Francisco*, 21 Cal. 351. While some of the language used in these opinions, isolated from the context, would seem to bear out appellant's contention, the decisions as a whole do not go the length of holding that there may be a recovery upon *quantum meruit* where a municipality has entered into a contract rendered void by express constitutional or statutory prohibitions. The true doctrine is expressed by Chief Justice Field in *Zottman v. San Francisco*, 20 Cal. 96, 81 Am. Dec. 96, as follows:

"A municipal corporation, acting under a charter expressing the mode in which its contracts for the improvement of its property shall be made, cannot be rendered liable for improvements made in the absence of such contract, on the ground of an implied contract to pay for benefits received. The law never implies an agreement against its own restrictions and prohibitions; it never implies an obligation to do that which it forbids the party to agree to do."

Appellant contends the general rule that persons dealing with municipal corporations are chargeable with notice of their powers is subject to exception in cases like the present, where one municipal corporation deals with a similar corporation. No authorities have been produced in support of this contention. The general rule is that the knowledge or means of knowledge of an officer of a municipality, affecting and pertaining to the subject matter of his duties, will be imputed to the municipality. (6 McQuillin on Municipal Corporations, sec. 2810.) No sound reason occurs to us why a highway district should not be chargeable with knowledge of the limitations of the lawful powers of other highway districts with which it seeks to contract. Municipal corporations must be required to take account of and obey the law whose creatures they are.

The demurrer to the third cause of action was properly sustained.

The judgment is affirmed, with costs to respondent.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.