(October 17, 1919.)

## BOISE–PAYETTE LUMBER COMPANY, a Corporation, Appellant, v. H. A. McCORNICK, Respondent.

[186 Pac. 252.]

FIXTURES—WHAT CONSTITUTES.

1. Personal property, in order to lose its character as a chattel and become a fixture, must be annexed to the realty, either actually or constructively; must be appropriated to the use of that part of the realty with which it is connected, and must be intended as a permanent accession to the freehold.

[As to character of fixtures as personalty, before annexation, of articles brought on premises to be annexed, see note in 4 Ann. Cas. 1160.]

2. It is not enough to impress the character of realty upon machines in a planing-mill which are not attached to the building in such manner as to indicate that they are intended to be a part

of the realty, and which, though heavy, may be moved without injury to the building, and are equally adapted to use elsewhere, that they were adapted to use in the mill and were necessary to carry on the business.

[As to machinery as fixtures, see notes in 11 Am. Rep. 341; 42 Am. Rep. 447.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

From a judgment dissolving and discharging attachment, plaintiff appeals. *Reversed.*

E. A. Walters, C. A. Bailey and Taylor Cummings, for Appellant.

"In order that the mortgagee of realty may recover chattels as fixtures placed thereon, he must show that the chattels were actually annexed to the freehold, or something appurtenant thereto; that they were applied to the use or purpose to which that portion of the realty was applied, and that they were annexed with the intention of making a permanent accession to the freehold." (1 Ballard on Real Property, sec. 176, citing *Speiden v. Parker*, 46 N. J. Eq. 292, 19 Atl. 21; *Vail v. Weaver*, 132 Pa. St. 363, 19 Am. St. 598, 19 Atl. 138.)

"If a complete machine, purchasable in the market as such, and capable of being used wherever power can be supplied, is placed in the owner's machine-shop for use, and is not fastened to the realty, or is fastened only by being screwed to the floor so as to keep it steady while in operation, it does not thereby become a part of the realty." (9 Ballard on Real Property, secs. 294, 297, citing *Crane Iron Works v. Wilkes*, 64 N. J. L. 193, 45 Atl. 1033; *Neufelder v. Third Street Ry.*, 23 Wash. 470, 83 Am. St. 831, 63 Pac. 197, 53 L. R. A. 600.)

The mere use of machinery in a mill does not render it a fixture, but the question always depends on the nature of the use and character of the annexation, and the intention of the parties. (11 R. C. L., "Fixtures," sec. 28; 2 Devlin on Real

Estate, sec. 1206; *Walker v. Sherman*, 20 Wend. (N. Y.) 636; *Wade v. Johnson*, 25 Ga. 331; *Blancke v. Rogers*, 26 N. J. Eq. 563.)

James H. Wise, for Respondent.

The machinery procured for use in a manufacturing establishment, most of it being heavy and not being intended to be moved from place to place when put in position to be used with the building until worn out, or for some unforeseen cause the real estate is put to different use, constitutes a part of the realty, and although same is not fastened to the buildings. (*Hopewell Mills Co. v. Taunton Savings Bank*, 150 Mass. 519, 15 Am. St. 235, 23 N. E. 327, 6 L. R. A. 249; *Cavis v. Beckford*, 62 N. H. 229, 13 Am. St. 554; *Harlan v. Harlan*, 15 Pa. St. 507, 53 Am. Dec. 612; *Ottumwa Woolen Mills v. Hawley*, 44 Iowa, 57, 24 Am. Rep. 719; *Bay City Land Co. v. Craig*, 72 Or. 31, 143 Pac. 911.)

Whether a structure or a part of it is a fixture depends upon the nature or character of the act, by which it is erected and the purpose for which it was intended to be used. (*Hogan Lumber Co. v. City of Oakland*, 25 Cal. App. 130, 142 Pac. 1084.) The intention with which the fixture is attached or affixed, or use, is always a pertinent inquiry in determining the status of what seems to be realty or personal, and the relation of the parties to the property. (*Montana Electric Co. v. Northern Valley Min. Co.*, 51 Mont. 266, 153 Pac. 1017, 1018; *Johnson v. Pacific Land Co.*, 84 Or. 356, 164 Pac. 564; *Philadelphia Mortgage & Trust Co. v. Miller*, 20 Wash. 607, 72 Am. St. 138, 56 Pac. 382, 44 L. R. A. 559.)

RICE, J.—This action was instituted by appellant, Boise-Payette Lumber Company, to recover a balance due upon a promissory note executed by John J. Pilgerrim. A writ of attachment issued, by virtue of which certain machinery in a planing-mill, belonging to Pilgerrim, was levied upon. Respondent McCornick intervened as mortgagee in a mortgage executed by Pilgerrim, covering certain lots, upon which the

building was erected, in the city of Twin Falls, "together with 'all and singular, the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining."

The machinery was attached as personal property, the intervenor claiming that the same had become fixtures and were subject to the lien of his mortgage. From a judgment dissolving and discharging the attachment, this appeal is taken.

The property involved in this appeal is the following:

2 Apple Box Machines.

1 Re-Saw Machine, 4 in. Band, Berlin #283.

1 Royal Invincible, 42 in. Sander.

1 Sin. Am. Rip-saw #95511.

1 Sash and Door Sticker and Attachments.

1 Tenit Machine.

1 Door Clamp Machine #94059.

1 S. A. Woods No. 3 Pony Planer.

1 16-in. Berlin Jointer, #199.

1 Hall & Brown Cut-off Saw.

With the exception of the cut-off saw, none of these machines were attached to the building, except by the bands or belts by which the motive power was transmitted to the machine. Some of them rested upon wood foundations, constructed to support them. The cut-off saw was swung from the ceiling. They were not especially constructed for the building, but were such machines as could be bought in the market by catalog number or sample. They were adapted to use in any other mill of the same character, and could be removed without injury to the building. The removal of any of the machines, or perhaps all of them, would not destroy the character of the mill as a planing-mill, but would reduce its efficiency; that is to say, with the removal of any single machine, it would be impossible to perform by machinery the particular kind of work for which that machine was designed.

The question as to when an article loses its character as personal property, and takes on the character of a fixture so as to become a part of the realty, is one which has given rise

to a multitude of decisions. The authorities are more or less conflicting. It seems that the question is of such an artificial character that no criteria or tests can be laid down which would be found to be of universal application.

So far as the machines involved in this action are concerned, it is urged by respondent in support of the judgment that the building having been built for the purpose of a planing-mill, the machinery having been bought to be placed in said building, the foundation or base having been specially prepared for some of the machines resting thereon, the machinery being especially adapted and purchased for the operation and conduct of the business, with the intention on the part of the purchaser of attaching it to the real property, and the business, the adaptation of the machines to the purpose for which the real estate was used, and the fact that the removal of any part of the machinery would reduce the capacity of the mill, all taken together constitute a sufficient reason for holding that they had become a part of the real estate.

The leading cases supporting the theory of respondent are *Farrar v. Stackpole,* 6 Me. 154, 19 Am. Dec. 201, *Voorhis v. Freeman,* 2 Watts & S. (Pa.) 116, 37 Am. Dec. 490; *Ottumwa Woolen Mills v. Hawley,* 44 Iowa, 57, 24 Am. Rep. 719. The doctrine of these cases is very ably summarized in the case of *Equitable Guarantee & Trust Co. v. Knowles,* 8 Del. Ch. 106, 67 Atl. 961.

In the leading case of *Teaff v. Hewitt,* 1 Ohio St. 511, 59 Am. Dec. 634, it was sought to lay down tests of general application for determining when an article becomes a fixture. The criterion in this case is formulated as follows:

"1. Actual annexation to the realty, or something appurtenant thereto.

"2. Appropriation to the use or purpose of that part of the realty with which it is connected.

"3. Intention of the party making the annexation to make the article a permanent accession to the freehold—this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation,

the structure and mode of annexation, and the purpose or use for which the annexation has been made."

While in some of the cases the necessity of annexation has been deemed not important, it is believed that the better reason requires annexation, actual or constructive. See *Thomson v. Smith*, 111 Iowa, 718, 82 Am. St. 541, 83 N. W. 789, 50 L. R. A. 780, where the former Iowa case of *Ottumwa Woolen Mill v. Hawley, supra,* was referred to and explained.

In *Wolford v. Baxter*, 33 Minn. 18, 53 Am. Rep. 1, 21 N. W. 745, it is said:

"To make it [an article] a fixture, it must not merely be essential to the business of the structure, but it must be attached to it in some way, or at least it must be mechanically fitted so as, in ordinary understanding, to constitute a part of the structure itself. It must be permanently attached to, or a component part of some erection, structure or machine which is attached to the freehold, and without which the erection, structure or machine would be imperfect or incomplete." (See, also, *Knickerbocker Trust Co. v. Penn Cordage Co.*, 66 N. J. Eq. 305, 105 Am. St. 640, 58 Atl. 409.)

Many authorities make the intention with which an article was annexed the consideration of paramount importance. These cases suggest that the other tests are mainly important as evidence of such intention. (Ewell on Fixtures, 2d ed., bottom pp. 30 and 31.)

In *Hopewell Mills Co. v. Taunton Sav. Bank*, 150 Mass. 519, 15 Am. St. 235, 23 N. E. 327, 6 L. R. A. 249, it is said:

"These cases seem to recognize the true principle upon which the decisions should rest, only it should be noted that the intention to be sought is not the undisclosed purpose of the actor, but the intention implied and manifested by his act. It is an intention which settles, not merely his own rights, but the rights of others who have or may acquire interests in the property. They cannot know his secret purpose, and their rights depend not upon that, but upon the inferences to be drawn from what is external and visible. In cases of this kind every fact and circumstance should be considered which tends to show what intention, in reference

to the relation of the machine to the real estate, is properly imputable to him who put it in position." (See, also, *Tate v. Blackburne*, 48 Miss. 1.)

Except in cases where, by contract or agreement, the intention of the party who made the annexation determines the character of the article or machine as to whether it is a chattel or a fixture, the inquiry is not strictly as to the intention of the person himself who annexed the chattel to the freehold. Thus, in the case at bar the contest is between an attaching creditor and a mortgagee. Neither party was bound by the intention existing in the mind of the owner. The inquiry is as to what intention must be imputed to him in the light of all the circumstances, when tested by the common understanding of those familiar with the subject. As suggested by Lindley, L. J., in the case of *Viscount Hill v. Bullock*, 2 Chancery, 482, where it was claimed certain stuffed birds were fixtures: "After all there is such a thing as common sense, and it must be brought to bear upon the question of whether these birds are or are not fixtures."

With reference to the machines in question in the case at bar, the following quotation from *Hubbell v. East Cambridge Savings Bank*, 132 Mass. 447, 42 Am. Rep. 446, is applicable:

"The machines in question were not annexed to the building, so as to indicate that they were intended to be a part of the realty. . . . . They were movable machines, which, though heavy, could be moved without injury to the building, and were equally adapted for use elsewhere. The mere fact that they were adapted to be used in this factory, and that they were necessary to carry on the business, is not enough of itself to impress on them the character of realty. The same thing is true of the tools used by hand in the manufacture there carried on." (See *Neufelder v. Third St. Ry.*, 23 Wash. 470, 83 Am. St. 831, 63 Pac. 197, 53 L. R. A. 600; *Chase v. Tacoma Box Co.*, 11 Wash. 377, 39 Pac. 639.)

The judgment is reversed. Costs awarded to appellant.

Morgan, C. J., and Budge, J., concur.

Petition for rehearing denied.