(No. 5685. May 26, 1931.)

COMMON SCHOOL DISTRICT NUMBER 61 IN THE COUNTY OF TWIN FALLS, STATE OF IDAHO, Respondent, v. TWIN FALLS BANK & TRUST COMPANY, a Corporation, Appellant.

[4 Pac. (2d) 342.]

712

Frank L. Stephan, for Appellant.

Sweeley & Sweeley, for Respondent.

SUTPHEN, District Judge.—On or about the fourteenth day of September, 1928, there was presented to appellant bank a forged order purporting to have been drawn by the respondent school district, in the sum of $250, bearing the purported signatures of the chairman and clerk of said school district and the counter signature of the county superintendent of public instruction. Upon the back of said order appeared two indorsements: that of "Bessie Lakey," the payee, a fictitious person, and that of "C. Pond, V. L." The "C. Pond" representing Charlotte Pond, the then county superintendent, and the "V. L.," the initials of one Viola Lowe, who was her assistant at that time. The appellant bank purchased the said forged order and on the twentieth day of September, 1928, presented it, with its indorsement on the back thereof, to the county auditor, who, upon said date, issued a warrant payable to said bank. That thereafter said warrant was paid by the county treasurer, as treasurer of the district, out of the funds of said respondent district. This appeal is from a judgment in favor of the respondent school district for the amount of money so taken.

The complaint, demurrers and motions in this action are similar to those in the case of *Common School District No. 27 in the County of Twin Falls, State of Idaho, v. Twin Falls National Bank, a Corporation,* filed May 19th, raising identically the same questions and in that connection this case is governed by the decision of this court in the above-mentioned case.

The decisive question in this case is whether or not the respondent is estopped and barred from recovery herein by the acts of the various county officials in the acceptance, approval, redemption and payment of the forged order in question, or by its own negligence is guilty of laches in the discovery of the forgery and in giving notice to the appellant bank of the same.

The courts have universally held that a school district is an agency of the state, created by law solely for the operation of a school system for the public benefit and derives all of its powers from statute, being limited to such as are deemed necessary for that purpose. By mandatory statutes it is prescribed in just what manner its funds can be paid out (Secs. 35, 46 (subd. 26), 55 and 69, chap. 215, 1921 Sess. Laws; secs. 905 to 911, inclusive, and secs. 913 to 915, inclusive, C. S. 1919; *Common School District No. 27 in the County of Twin Falls, State of Idaho, v. Twin Falls National Bank, a Corporation, supra*), and the officers of the district and county, designated by law to perform such acts, exercise a public function for which the district receives no private or corporate benefit, and in the performance of such duties they act for the district only in a public and governmental capacity. The rule of law is well established that any acts of negligence, misconduct, mistake or omissions on the part of such officers in the performance of their functions and duties in that respect cannot estop the school district from maintaining an action to recover back money wrongfully taken, and the doctrine is also well settled that no laches can be imputed to a municipal corporation acting, as it is in this case, in a public and governmental capacity. (10 R. C. L. 706, 707, 708, secs. 34 and 35; 19 R. C. L. 1107, 1108; 24 R. C. L. 564, 565, sec. 7; *Antin v. Union High School District,* 130 Or. 461, 280 Pac. 664, 66 A. L. R. 1271; *Board of Commrs. v. Nelson,* 51 Minn. 79, 38 Am. St. 492, 52 N. W. 991, 993; *Deer Creek Highway Dist. v. Doumecq Highway Dist.,* 37 Ida. 601, 218 Pac. 371; *Strickfaden v. Greencreek Highway Dist.,* 42 Ida. 738, 248 Pac. 456, 49

A. L. R. 1057; Beach on Public Corporations, p. 268, sec. 263; 6 McQuillin, Municipal Corporations, 2d ed., p. 889, sec. 2847; *Scibilia v. City of Philadelphia,* 279 Pa. 549, 124 Atl. 273, 32 A. L. R. 981; *Miller v. Clarke,* 47 R. I. 13, 129 Atl. 606, 42 A. L. R. 1204; *People v. Detroit etc. Co.,* 228 Mich. 596, 200 N. W. 536; *Hanson v. Berry & City of Fargo,* 54 N. D. 487, 209 N. W. 1002, 47 A. L. R. 816; *State ex rel. Rayl v. Twin Falls-Salmon River Land & Water Co.,* 30 Ida. 41, 166 Pac. 220; *Philadelphia Mortgage & Tr. Co. v. City of Omaha,* 63 Neb. 280, 93 Am. St. 442, 88 N. W. 523, 525; *People v. Brown,* 67 Ill. 435; *State v. Paul,* 113 Kan. 412, 214 Pac. 425; *School Dist. No. 48 v. Rivera,* 30 Ariz. 1, 243 Pac. 609, 45 A. L. R. 762; *Freel v. School City of Crawfordsville,* 142 Ind. 27, 41 N. E. 312, 37 L. R. A. 301; *Wiest v. School Dist. No. 24,* 68 Or. 474, 137 Pac. 749, 49 L. R. A., N. S., 1026; *Harris v. City of Des Moines,* 202 Iowa, 53, 209 N. W. 454, 46 A. L. R. 1429; *Consolidated School Dist. v. Wright,* 128 Okl. 193, 261 Pac. 953, 56 A. L. R. 152; *Howard v. Tacoma School Dist.,* 88 Wash. 167, Ann. Cas. 1917D, 792, 152 Pac. 1004.)

Judgment affirmed. Costs to respondent.

Budge, Givens, Varian and McNaughton, JJ., concur.

### ON REHEARING.

#### (Filed October 19, 1931.)

SUTPHEN, District Judge.—Upon a rehearing of this case at Pocatello at the September, 1931, term, the appellant urged that county officials in countersigning the forged order in question and in the issuance and payment of the warrant thereon were not acting in a governmental capacity.

Justice Budge, quoting from Cyc., in the case of *Boise Development Co., Ltd., v. Boise City,* 30 Ida. 675, 167 Pac. 1032, defined governmental functions as follows: "Legal duties imposed by the state upon its creature, which it may not omit with impunity but must perform at its peril . . . . They are all imposed by statute, and are necessarily man-

datory and peremptory functions . . . . '' (28 Cyc. 267), which was again reiterated by him in the case of *Youmans v. Thornton*, 31 Ida. 10, 168 Pac. 1141.

This court in the case of *Common School District No. 27 v. Twin Falls ·Nat. Bank, ante*, p. 668, 299 Pac. 662, in discussing the acts of the county officials leading up to the payment of moneys from the funds of a school district stated that ''an order by the district, countersigned by the county school superintendent, directed to the county auditor, is an absolute prerequisite to the issuance by the county auditor of a warrant on the county treasurer, to be charged against the funds of the district . . . . The statute specifying the procedural method must be followed, and the warrant issued to the payee in the order'' (citing authorities), thus holding that the acts of such county officials in the acceptance, approval, redemption and payment of the forged order in question were mandatory and peremptory functions and clearly within the above definition of governmental functions.

The appellant also urged that the facts in this case fall within the exception recognized in the case of *Wilkinson v. Boise City*, 16 Ida. 150, 102 Pac. 148, to the general rule that the doctrine of equitable estoppel does not apply to a subdivision of the state exercising governmental functions. This court in that case, while recognizing this general rule, however, holds that there are exceptional cases in which the doctrine of laches and estoppel should be applied, such as in that case where the municipality has ''recognized so-called private rights for a great number of years, and have stood by while valuable improvements were being erected, and it would work a fraud and irreparable wrong and injury upon the private individual to allow the city to invoke a stale legal right.'' The case at bar does not disclose facts which fall within any such exception, but on the contrary, presents facts showing that moneys of the school district have been unlawfully. paid to and received by appellant bank by reason of a forged order.

This court has concluded that the payment of the forged order in question was not even a voluntary payment by respondent school district as is contended by appellant. However, giving it that favorable construction, it is a well-established rule of law that voluntary payments illegally made by a school district can be recovered and this court has gone so far as to hold that even though a school district has received a benefit from the transaction, which is not true in this case, no equitable considerations stand in the way of recovering back such moneys voluntarily but illegally paid. (*Independent School Dist. v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857; *Independent School Dist. v. Mittry,* 39 Ida. 282, 226 Pac. 1076.)

As shown by the decision of this court in the case of *Common School District v. Twin Falls National Bank, supra,* moneys of a school district can only be paid out upon a valid order and the county officials had no authority or power to pay out moneys of respondent school district upon a forged order. Their act in so doing is prohibited by statute and is void. A void act is no act and a void payment is no payment. Such payment is not voluntarily made by the district but is made by the county officials in excess of their authority and in defiance to respondent school district's rights. (*Village of Ft. Edward v. Fish,* 156 N. Y. 363, 50 N. E. 973, at p. 975; *Adams County v. Ritzville State Bank,* 154 Wash. 140, 281 Pac. 332.) This being true, there also could be no adoption and ratification of the forged order in question by any acts of the county officials.

Judgment affirmed.

Budge, Givens, Varian and McNaughton, JJ., concur.