228 P.2d 939

INDEPENDENT SCHOOL DIST. NO. 7 et al. v. BARNES et al.

No. 7699.

Supreme Court of Idaho.

March 12, 1951.

204

J. H. Barnes, Twin Falls, for appellant.

Parry, Keenan, Robertson & Daly, Twin Falls, for additional defendant-appellant.

Stephan, Stephan & Heap, Twin Falls, for respondents.

GIVENS, Chief Justice.

Early in 1913 Elizabeth W. Barnes, appellant's mother, gave Common School District No. 40 oral permission to use an acre of ground in the southwest corner of a 40-acre tract owned by her, for school purposes, the land to revert to her if not so used.

The District immediately built a school house thereon and subsequently other adjunctive buildings and structures were placed on the premises and school was maintained continuously from 1913 to the close of the school year in 1947.

In October 1919, appellant, who had succeeded to the ownership of the forty acres, executed a deed to the District with the provision that if the District failed to maintain school for a continuous period of one year, "the said property, together with all improvements thereon, shall be the absolute property of the grantor herein named, his heirs, etc. * * *"

October 15, 1946, the Board of County Commissioners of Twin Falls County upon proper petition theretofore presented, ordered an election to be held November 15 of that year in the several territories affected, on the question of annexation of "the eastern part of Common School District No. 40 to and consolidation with Independent School District No. 8, and of the annexation of the western part of Common School District No. 40 to and consolidation with Independent School District No. 7 * * *."

The election was held resulting in a majority vote in favor of such questions. Thereafter, the two Districts, No. 7 and

No. 8, undertook to remove the structures on the acre above referred to and appellant Barnes resisted on the ground, that under the deed of 1919, he was entitled thereto; whereupon respondents brought this suit to quiet their title to the school house, set on a concrete foundation, appurtenances, teacherage, barn, outside toilets, and fence, conceding appellant was entitled to the land under the reversionary part of the oral permission. Respondents contend the deed of 1919 was invalid in that there was no election, as required by Section 887, Idaho Compiled Statutes then in force and effect, authorizing the trustees of the school district to convey the structures by deed or otherwise to appellant.

Appellant Barnes sought to quiet his title to the land and structures on the theory the deed was valid and that the trustees, by acceptance, granted him the buildings, etc., upon reversion.

The trial court made findings of fact and conclusions of law to the effect the deed was void and ineffective so far as granting the structures to appellant; that respondents were entitled to possession of and gave them nine months after the final determination hereof to remove the structures located on the acre, and quieted the title in such structures in respondents—hence the appeal herein.

Both appellant Barnes and respondents requested that School District No. 40 be made a party and it was so ordered by the trial court. The disclaimer filed by the last clerk of District No. 40 and its attorneys representing the District so far as they had authority to do so, alleged:

"II.

"That after all due and proper notices, petitions, hearings, elections and all other steps provided by statute, the Board of County Commissioners of the County of Twin Falls, Idaho did, on November 22, 1946, make and enter an Order wherein and whereby the territory of said additional defendant Common School District No. 40 was annexed part to Independent School District No. 7 Hansen, and part to Independent School District No. 8, Murtaugh, and that said Order has now become final and that from and after the date of entry thereof, there has not been and there is not now any such legal entity as Common School District No. 40; which said Order is a part of the official minutes of the Board of County Commissioners of the County of Twin Falls, Idaho, and which said Order and all proceedings relating thereto are by reference made a part hereof."

"III.

"That upon the said Order of the Board of County Commissioners, all power and authority of this answering individual as clerk or trustee of said District and all power and authority of all other persons as officers of said Common School District No. 40 terminated and that all of the property and assets of said district passed to said Independent districts aforemen-

tioned as provided by the laws and the statutes of the State of Idaho."

These allegations were not questioned or traversed by either party; thus both requesting that District No. 40 be made a party and the disclaimer being filed responsive to the Order making District No. 40 a party, these allegations unquestioned and uncontradicted stand as established facts. We, therefore, need not consider the extent to which the last clerk of District No. 40 or its attorneys could represent it, though see Section 32-325, I.C.A. Without approving the method whereby the recorded official action of the County Commissioners, subsequent to the election, was thus proved, we are justified in considering the same at face value.

Thereby, under Section 32-336, I.C.A., then in force, the validity of respondent Districts No. 7 and No. 8 cannot now be questioned and the effect of the election and subsequent order of approval by the Board of County Commissioners is that District No. 40 no longer exists and that Districts No. 7 and No. 8 succeeded to all the rights and interests of District No. 40 in the structures upon the land involved. Sections 32-332, 32-333, I.C.A.; 56 C.J. 271, Sec. 113.

■ The reversionary clause covering the buildings, etc., in the deed of 1919 was ineffective and invalid because otherwise it would amount to disposition of school property by the trustees without the election required by Section 887, Idaho Compiled Statutes, then in force and effect. Deer Creek Highway Dist. v. Doumecq Highway Dist., 37 Idaho 601, 218 P. 371; Independent School Dist. No. 6 v. Mittry, 39 Idaho 282, 226 P. 1076; Burnham v. Henderson, 47 Idaho 687 at 692, 278 P. 221; Common School Dist. No. 61 v. Twin Falls Bank & Trust Co., 50 Idaho 711, 4 P.2d 342; A. C. Frost & Co. v. Coeur d'Alene Mines Corp., 61 Idaho 21 at 28, 98 P.2d 965; State v. Lyons, 37 Mont. 354, 96 P. 922; Keeler Bros. v. School Dist. No. 3, 62 Mont. 356, 205 P. 217; Rose v. Board of Directors of School Dist. No. 94, 162 Kan. 720, 179 P.2d 181; Derieg v. Board of Education, 202 Okl. 577, 216 P.2d 307; Caldwell v. Bauer, 179 Ind. 146, 99 N.E. 117 at 125, syl. 7; Schwing v. McClure, 120 Ohio St. 335, 166 N.E. 230.

■ Upon reversion of the land, these buildings and structures having been erected and built by revenue raised by taxes and for public purposes, remained the property of respondent School Districts with right to remove them—respondents being the successors in interest of Common School District No. 40. Rose v. Board of Directors of School District 94, Kan., supra; Derieg v. Board of Education, Okl., supra; Schwing v. McClure, Ohio, supra; Carroll County Board of Education v. Caldwell, 178 Tenn. 671, 162 S.W.2d 391. Such declaration of law does not do violence to Section 55-101, I.C. or theories of fixtures. Bond Invest. Co. v. Blakeley, 83 Cal.App. 696, 257 P. 189. See Boise-Pay-

ette Lumber Co. v. McCornick, 32 Idaho 462, 186 P. 252.

There is no question before us involving the division between Districts No. 7 and No. 8 of any of the buildings or structures involved herein.

Judgment is, therefore, affirmed. Costs awarded to respondents.

TAYLOR, THOMAS, and KEETON, JJ., and MARTIN, District Judge, concur.