9 P.3d 534

Duane A. DAUGHARTY and Daugharty Investments Limited, LLC, Plaintiffs–Appellants,

v.

POST FALLS HIGHWAY DISTRICT, Defendant–Respondent.

No. 24932.

Supreme Court of Idaho, Coeur d'Alene, April 2000 Term.

Sept. 1, 2000.

the "prevailing party" and not just by a "person" in the action. *See* 2000 Idaho Session Laws, ch. 241.

732

Paine, Hamblen, Coffin, Brooke & Miller LLP, Coeur d'Alene, for appellants. Eugene L. Miller argued.

Lukins & Annis, P.S., Coeur d'Alene, for respondent. Susan P. Weeks argued.

KIDWELL, Justice.

This appeal arises from the district court's interpretation of a quitclaim deed in a quiet title action. The district court concluded that summary judgment was proper because none of the factors contained in the deed that would trigger a reversion had occurred. We agree.

## I.

## FACTS AND PROCEDURAL BACKGROUND

By a quitclaim deed dated November 7, 1952, Lee and Beulah Robison sold 1.22 acres of property to Kootenai Highway District No. 4. After setting out the legal description of the property, the deed expressed the following limitations:

(1). This property shall be used only as a site for highway district office, storage, garage and similar highway district purposes; and

(2). On the dissolution of said highway district or upon the cessation of the district in the use of said strip of land, it shall revert to the grantors.

The rights and obligations hereunder shall extend to the heirs, representatives, successors and/or assigns of the respective parties, except as herein limited.

The deed was recorded February 19, 1953.

On May 16, 1967, Kootenai County Commissioners held two elections for the purpose of consolidating the Pleasant View Highway District and Highway District No. 4. The elections were held pursuant to the "Highway District Joint Consolidation Act," (contained in former Idaho Code Chapter 18, Title 40) and "Consolidation of Adjoining Highway Districts," (contained in former Idaho Code Chapter 17, Title 40). After canvassing the votes, it was determined that the majority of voters favored the consolidation of the two highway districts. The com-

missioners then entered an order consolidating the two districts into the "Post Falls Highway District."

In a warranty deed dated April 26, 1968, the Robisons sold their "right to the reversionary interest in and to" the parcel previously conveyed to Highway District No. 4. The Deed transferred the interest to "D.A. Daugharty and Miriam Daugharty . . . and to James V. Ratliff and Lorraine Ratliff . . . as tenants in common."

On November 3, 1970, a second election was held for the purpose of dividing Kootenai County highways into four separate highway districts. The election was held pursuant to then I.C. § 40–2701 (now § 40–1701) titled "County Highway Reorganization." After being approved by a majority of the voters the commissioners divided the county secondary road system into four districts.

The "Post Falls Highway District" created by the previous 1967 election was re-designated as a portion of "Highway District No. 1." Sometime after the election, "Highway District No. 1" was renamed "Post Falls Highway District." The entire geographic area included in the former "Post Falls Highway District" was included within the boundaries of the new "Post Falls Highway District."

On April 10, 1995, Duane A. Daugharty and Miriam Daugharty (the Daughartys) filed a complaint in district court seeking to have the court declare that the Post Falls Highway District (Highway District) had no interest in the property sold to Highway District No. 4. The Daughartys claimed that Highway District No. 4 had been dissolved and ceased to exist when it was consolidated.

Following cross motions for summary judgment, the district court granted summary judgment to the Highway District. The district court found that "the present defendant is the last in an unbroken line of successors to the original grantee, [Highway District No. 4], all of which have continuously and without any interruption utilized the property for highway district purposes." In concluding that the Highway District was entitled to summary judgment, the district court ruled that while the Daughartys were

the successor in interest of the Robisons, likewise the Post Falls Highway District was the successor of Highway District No. 4. The Daughartys appeal from the district court's grant of summary judgment.

## II.

## STANDARD OF REVIEW

On appeal from the grant of a motion for summary judgment, this Court employs the same standard as used by the district court originally ruling on the motion. *Scona, Inc. v. Green Willow Trust,* 133 Idaho 283, 286, 985 P.2d 1145, 1148 (1999). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When both parties file motions for summary judgment relying on the same facts, issues, and theories, essentially the parties stipulate that there is no genuine issue of material fact that would preclude the entering of summary judgment by the Court. *Lowder v. Minidoka County Joint Sch. Dist. No. 331,* 132 Idaho 834, 837, 979 P.2d 1192, 1195 (1999). This Court exercises free review over the entire record which was before the district court to determine whether either side is entitled to judgment as a matter of law. *Id.*

## III.

## ANALYSIS

**A. The District Court Did Not Err In Holding That None Of The Conditions That Would Trigger A Reversion Had Occurred.**

The Daughartys argue that the deed should be interpreted as creating a life estate in the property for Highway District No. 4, and when Highway District No. 4 was consolidated and then re-designated, the life estate ended, thus triggering a reversion.

The issue of whether the consolidation of a highway district constitutes a dissolution of the district (thus triggering a right of reversion) is one of first impression for this Court.

The closest case from this Court is a 1951 decision involving the consolidation of public school districts.

In *Independent School District No. 7 v. Barnes,* 71 Idaho 203, 228 P.2d 939 (1951), Barnes gave the school district oral permission to use one acre of her property for school purposes. *Id.* at 204, 228 P.2d at 939. The oral contract provided that the land would revert to her if it discontinued such a use. *Id.* The school district built a school house and several other related buildings on the property. *Id.* Following an election, thirty-three years later, School District No. 40 was split and annexed into two existing school districts. *Id.* When the new districts wanted to remove the school house and other buildings from the property the appellant protested and claimed that both the land and the improvements thereon reverted back to the grantor. *Id.*

When the action for quiet title was brought, both parties wanted School District No. 40 to be included as a party to the suit. *Id.* at 205, 228 P.2d at 940. In determining that School District No. 40 could not be a party to the suit, the Court noted that "the effect of the election and subsequent order of approval by the Board of County Commissioners is that District No. 40 no longer exists and that Districts No. 7 and No. 8 succeeded to all the rights and interests of District No. 40 in the structures upon the land involved." *Id.* at 206, 228 P.2d at 940.

The Daughartys claim that this language shows that School District No. 40 was dissolved and that the deed in this case expressly granted a reversion in the face of a dissolution. The Daughartys' conclusion, however, only accepts part of the holding of the Court. While the Court held that School District No. 40 no longer existed, it also held that the dissolution was of little import due to the successive nature of the other districts. *Id.* Thus, the Court noted that when the school district was dissolved, the newly created or annexing districts succeed to all the rights and liabilities of the former district. *Id.*

Support for this conclusion can be found in provisions of the Idaho Code in effect at the time of the consolidation in this case. Under the statutory scheme in effect at the time of the 1967 consolidation, the Idaho Code provided certain procedures for the dissolution of a highway district. To begin with, the dissolution process must commence with a "petition for dissolution being presented." I.C. § 40–2721 (repealed 1985). The property of the dissolved district then had to be distributed amongst other districts. I.C. § 40–2715 (repealed 1985). Finally, the dissolution process could not be completed until all of the duties and obligations of the dissolved highway district had been accomplished. I.C. § 40–2727 (repealed 1985).

Section 40–2727 of the Idaho Code provided that:

> No highway or good roads districts dissolved under the terms and provisions of this act shall be deemed to have been dissolved and shall not cease to operate and perform its duties and obligations hereunder until there shall have been organized and existing a succeeding operational unit under one (1) of the three (3) options hereinbefore provided for in this act.

I.C. § 40–2727 (repealed 1985).

Under the language of the Idaho Code in effect then, it is clear that Highway District No. 4 was not dissolved. Nothing in the record shows that the Kootenai County Commissioners ever filed a petition for dissolution of Highway District No. 4.

The district court ruled, as a matter of law, that even though Highway District No. 4 had been dissolved, the Daughartys' right of reversion had not been triggered because "the property vested thereafter in successive entities by operation of law." We agree with the district court's conclusion that the Daughartys' right of reversion had not been triggered, but do so on the grounds, as explained above, that Highway District No. 4 has not been dissolved. Therefore, we affirm the decision of the district court that the Highway District is entitled to summary judgment as a matter of law.

**B. The District Court Did Not Err In Holding That The Post Falls Highway District Is The Successor Of Highway District No. 4.**

■ Here, the Daughartys contend that the district court erred in holding that the

deed granted both sides the right to transfer its interests to its successors. The Daughartys assert that the intent of the grantors was to allow only the grantors to transfer their rights to successors.

In this case, neither party has complained that the deed is ambiguous. Rather, both sides argue that the intent of the grantor can be gleaned within the language of the deed itself.

█ In construing a deed, the Court should seek to give effect to the intention of the parties. *Gardner v. Fliegel*, 92 Idaho 767, 770, 450 P.2d 990, 993 (1969). To determine the intent of the parties, the contract or other writing must be viewed as a whole and in its entirety. *Doyle v. Ortega*, 125 Idaho 458, 461, 872 P.2d 721, 724 (1994) (quoting *Bondy v. Levy*, 121 Idaho 993, 996–97, 829 P.2d 1342, 1345–46 (1992)).

As previously set out in the facts, the deed in this case contained the following relevant language:

LEE S. ROBISON and BEULAH B. RO-BISON, husband and wife, "grantors" in consideration of the receipt of One Dollar and other valuable considerations from HIGHWAY DISTRICT NO. 4 OF Kootenai County, State of Idaho, a municipal subdivision, "grantee," hereby quitclaim and transfer to the grantee all right, title and/or interest of the grantors, in and to:

[Legal Description of Property]

to have and to hold unto the grantee forever; excepting, however:

(1). This property shall be used only as a site for highway district office, storage, garage and similar highway district purposes; and

(2). On the dissolution of said highway district or upon the cessation of the district in the use of said strip of land, it shall revert to the grantors.

The rights and obligations hereunder shall extend to the heirs, representatives, successors and/or assigns of the respective parties, except as herein limited.

The Daughartys suggest a reading of the deed that would eliminate half of the last line above. They argue that the deed should be read as to give rights and obligations to the "heirs, representatives, successors and/or assigns of the grantor only." The Daughartys base this interpretation on the fact that if the Highway District can transfer its interests to its successors or assigns, then the words "except as herein limited" have no meaning.

█ This interpretation however, contradicts this Court's rule that various provisions in a contract must be construed to give force and effect to every part thereof. *Twin Lakes Village Property v. Crowley*, 124 Idaho 132, 137, 857 P.2d 611, 616 (1993). The deed here can be interpreted to give full force and effect to both the transfer clause and the limitation clause equally.

It appears from the limitations in the deed that the Robisons were concerned with how the property was to be used by the Highway District. After noting specific uses for which the property could be used, the deed instructed that if these stated uses were not continued, the property would revert back to the grantor. These two provisions are the only limitations contained in the deed. Following these provisions, the deed then discusses the transferring of the rights and obligations of both of the parties. Thus, the grantors could freely transfer their interest in the property, as could the Highway District, provided that the Highway District complied with the limitations of the deed. It is undisputed in this case that the Highway District has continued to use the property as a site for highway district purposes. The district court's ruling, that the property has been used "without any interruption . . . for highway district purposes" has not been challenged on appeal. Thus, it is obvious that the highway district has not ceased to use the property for approved purposes.

The only limitation that could trigger a reversion is if the highway district had been dissolved. However, as discussed above, the Highway District has never been dissolved. In 1967 Highway District No. 4 was consolidated into the Post Falls Highway District. Then in 1970 the Post Falls Highway District was divided and re-designated as Highway District No. 1. It was then re-named the Post Falls Highway District. This conclusion is supported by the Idaho Code.

The relevant Idaho statute, I.C. § 40–1515, provides that in the case of a consolidation of highway districts, "[a]ll property rights of the former districts shall be vested in and become the property of the consolidated district, except as otherwise provided in this chapter." *Id.* This statute, which is self-executing, has been in force throughout the existence and course of the consolidation of the highway districts in this case. *See* former Idaho Code Annotated § 39–1817 (enacted in 1931 Idaho Session Laws, ch. 224, § 17 p. 449), recodified as Idaho Code § 40–1817, and repealed but reenacted as Idaho Code § 40–1515 (1985 Idaho Session Laws, ch. 253, pp. 586 and 667).

Therefore, while the name and the size of the Highway District have been modified over the years, the Highway District has never been dissolved as provided by the then applicable Idaho Code. Further support for this conclusion is found in the fact that at all relevant times, the geographic area that was Highway District No. 4 has never been reduced in size.

Therefore, in keeping with the intent of the parties, as contained in the four corners of the deed, we affirm the decision of the district court that none of the factors which would trigger a reversion have occurred.

## VI.

## CONCLUSION

We affirm the district court's grant of summary judgment to the Highway District on the grounds that none of the factors contained in the deed which would trigger a reversion have occurred. No attorney fees are awarded on appeal. Costs to respondent.

Justices SILAK, SCHROEDER and WALTERS concur.

Chief Justice TROUT, dissenting.

Because I believe the provisions for triggering the reversionary interest in the quit-claim deed have been met, I respectfully dissent from the Court's opinion in this case.

According to the plain language of the deed, the property was granted to Highway District No. 4, subject to the following limitations:

(1) This property shall be used only as a site for highway district office, storage, garage and similar highway district purposes; and

(2) On the dissolution of said highway district or upon cessation of the district in the use of said strip of land, it shall revert back to the grantors.

The rights and obligations hereunder shall extend to the heirs, representatives, successors, and/or assigns of the respective parties, except as herein limited.

Thus, the reversionary interest could be triggered in one of three ways: (1) if the property was no longer used for highway district purposes; (2) if the highway district dissolved; or (3) if the highway district stopped using the strip of land.

The Court's opinion phrases the issue as "whether the consolidation of a highway district constitutes a dissolution of the district." However, I believe the issue is not whether the consolidation of a highway district constitutes a dissolution of the district as a general matter of law, but rather whether, under the plain language of the deed, the parties intended that the consolidation of Highway Dist. No. 4 into another highway district would violate the specific limitations in the deed, so as to trigger the reversionary provisions. Under the specific facts of this case, I believe the consolidation of Highway Dist. No. 4 did "dissolve" the district and, therefore, the provisions of the deed have been met and the property should have reverted to the holders of the reversionary interest.

According to the deed, the strip of land was granted to Highway Dist. No. 4 as long as none of the limitations in the deed were violated. In this case, it is undisputed the land is still being used for highway district purposes, thus the condition in Paragraph 1 has not occurred. The second paragraph stated the property would revert upon dissolution of the "said highway district or upon the cessation of the district in the use of said strip of land." In the proceedings below, the district judge found Highway Dist. No. 4 had dissolved, but ruled that because the statuto-

ry provision in effect at the time of consolidation required that a successor district must be formed prior to the dissolution of a highway district, the property passed to the successor district and the reversionary provision had· not been triggered. Under the district judge's decision, as well as the Court's opinion, the conditions of Paragraph 2 could never be met because there will always be a successor district any time a highway district is dissolved. This Court has previously held that, when interpreting an agreement, "the Court should construe the various provisions of the agreement, if possible, so as to give force and effect to every part of the agreement." *Palomo v. J.R. Simplot Co.*, 131 Idaho 314, 317, 955 P.2d 1093, 1096 (1998). Applying this rule of construction, I believe the plain language of the deed means that if, at any time, Highway Dist. No. 4 dissolves, the property reverts. In this case, the district judge specifically found Highway Dist. No. 4 had dissolved, and this finding was not challenged by the parties. Additionally, it is undisputed that Highway Dist. No. 4 is no longer using the strip of land. Therefore, for both of these reasons, I would hold that the reversionary provisions of the deed have been met, and the property has reverted to the holders of the reversionary interests.

For similar reasons, I also disagree with the Court's opinion regarding whether the Post Falls Highway District is a successor to Highway Dist. No. 4. According to the plain language of the deed "[t]he rights and obligations hereunder shall extend to the heirs, representatives, successors and/or assigns of the respective parties, except as herein limit-

ed." Thus, the property rights conveyed by the deed would extend to a successor of Highway Dist. No. 4, unless limited by the language of the deed. Here, there is such a limitation. Paragraph 2 requires the property to revert upon the dissolution of "said highway district or upon the cessation of the district in the use" of the strip of land. Clearly, "said highway district" refers to Highway Dist. No. 4, not to just any general highway district; otherwise, Paragraph 2 of the deed is unnecessary. That is, if the intent of the deed was simply to make sure the property was used for highway district purposes by either Highway Dist. No. 4 or some other successor district, that purpose would have been accomplished by the limitation in Paragraph 1 regarding how the property could be used. Because the parties included a specific provision regarding the dissolution of Highway Dist. No. 4, they must have intended that the property revert if some other district, besides Highway Dist. No. 4, began using the property. Thus, the language is a limitation on the ability of Highway Dist. No. 4 to transfer its interest in the property, and I would hold the district judge also erred in ruling that the Post Falls Highway District is the successor to Highway Dist. No. 4 with regard to the property transferred by the quitclaim deed.