913 P.2d 572

**Peter D. GRIFFITH and Elizabeth E. Griffith, husband and wife, Plaintiffs–Appellants–Cross Respondents,**

v.

**LATHAM MOTORS, INC., an Idaho corporation, and Chrysler Corporation, a foreign corporation, Defendants–Respondents–Cross Appellants.**

**CHRYSLER CREDIT CORPORATION, Counterclaimant–Respondent–Cross Appellant,**

v.

**Peter D. GRIFFITH and Elizabeth E. Griffith, husband and wife, Counterdefendants–Appellants–Cross Respondents.**

No. 21202.

Supreme Court of Idaho,
Twin Falls, November 1995 Term.

March 20, 1996.

John L. Gannon, Boise, and Alexanderson, Davis, Rainey, Whitney & Kerrick, Caldwell, for appellants. John L. Gannon argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondents. Mark S. Prusynski argued.

JOHNSON, Justice.

This case concerns a vehicle that was a "lemon." We conclude that (1) the manufacturer was liable to the buyers of the vehicle under the Lemon Law, but not for treble damages, (2) the buyers are not entitled to further recovery from the dealer in addition to recovery against the manufacturer, and (3) the buyers are liable to the company for the expenses of dealing with the vehicle after repossession solely because the buyers consented to this liability.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Peter D. Griffith and Elizabeth E. Griffith (the Griffiths) bought a vehicle manufactured by Chrysler Corporation (Chrysler) from Latham Motors (Latham). The Griffiths financed part of the price through Latham, who assigned the loan to Chrysler Credit Corporation (Credit). Chrysler and Credit are separate corporations. Because the vehicle required many repairs, the Griffiths attempted to revoke acceptance and return the car to Latham. When Latham refused to permit revocation, the Griffiths sued Latham under several theories, including breach of express and implied warranties, fraud, and under the Idaho Consumer Protection Act (the Consumer Act). They also sued Chrysler for breach of express and implied warranties and under I.C. §§ 48–901 to –909 (Supp. 1995) (the Lemon Law). The Griffiths also sued Credit claiming it was bound by any adverse decision against Latham. Credit, which had repossessed the car, counterclaimed for the deficiency on the loan to the Griffiths.

At trial, the trial court directed a verdict in favor of Latham on the fraud claim and on the Consumer Act claim. The trial court sent the Consumer Act claim to the jury for an advisory verdict in case of an appeal. The jury found that Latham had not violated the Consumer Act.

The jury returned a special verdict with various inconsistencies. The trial court sent the jury back twice to reconcile the verdict. After the jury returned the second time, the trial court discharged the jury and directed counsel to file motions to harmonize the verdict so that a judgment could be entered. Chrysler, Credit, and the Griffiths each moved for a judgment notwithstanding the verdict (j.n.o.v.). Chrysler also moved for a new trial. The trial court denied Chrysler's motion for j.n.o.v. and a new trial. It granted Credit's motion for j.n.o.v. It denied Griffith's motion for j.n.o.v. Also, in order to make the verdict consistent, the trial court changed one of the jury's verdicts.

The trial court entered judgment

1. dismissing the Griffiths' claims against Latham and Credit;

2. awarding Latham a $32,584.45 judgment against the Griffiths for costs and attorney fees;

3. awarding the Griffiths a $49,011.20 judgment against Chrysler, including treble damages on the basis of the Lemon Law, but granting an offset or partial satisfaction of $13,975 to Chrysler based on proof that it had repurchased the vehicle from Credit;

4. granting Chrysler an offset of $32,584.45 against the Griffiths' judgment based on proof Chrysler had paid this amount to Latham for Latham's attorney fees and costs pursuant to an in-

demnification agreement and had received an assignment from Latham of its judgment rights against the Griffiths; and

5. awarding Credit a $15,193.49 judgment against the Griffiths, which included a deficiency judgment of $6,581.76 and $2,130 awarded by the jury, together with costs and attorney fees.

The Griffiths appealed. Latham and Chrysler cross-appealed. Because the sequence is more logical, we first address the issue presented by the cross-appeal.

## II.

### THE GRIFFITHS WERE NOT ENTITLED TO TREBLE DAMAGES.

Chrysler asserts that the Griffiths were not entitled to treble damages under the Lemon Law. We agree.

The jury returned a verdict in favor of the Griffiths against Chrysler on the Griffiths' Lemon Law claim against Chrysler. The trial court awarded the Griffiths' treble damages based on the following portion of the Lemon Law:

If a buyer pursues an action against a manufacturer pursuant to this chapter because a manufacturer refuses or fails to replace or refund as provided in section 48–904, Idaho Code, and a court finds in favor of the buyer, the manufacturer shall be liable for treble the amount of the full purchase price including all collateral charges less a reasonable allowance for the buyer's use of the vehicle.

I.C. § 48–908 (Supp.1995).

The Griffiths contend that they proceeded with their Lemon Law claim under I.C. § 48–904, which provides as follows:

If the manufacturer or its representative or its authorized dealer is unable to service or repair the motor vehicle to conform to the applicable express warranties after a reasonable number of attempts and the buyer has notified the manufacturer or dealer in writing, the manufacturer shall reimburse the buyer in an amount equal to the purchase price paid by the buyer, less

that amount directly attributable to use by the buyer.

I.C. § 48–904 (Supp.1995).

The application of I.C. § 48–904 is limited by another portion of the Lemon Law, which provides as follows:

If a manufacturer has established an informal dispute resolution settlement procedure which substantially complies with the applicable provision of title 16, code of federal regulations, part 703, as from time to time amended, the provisions of section 48–904, Idaho Code, concerning reimbursements do not apply unless the buyer has resorted to such procedure.

I.C. § 48–906 (Supp.1995).

■ The Griffiths resorted to Chrysler's arbitration procedure. Therefore, we must determine whether the arbitration procedure qualifies as an informal dispute resolution settlement procedure under I.C. § 48–906. Chrysler's arbitration procedure substantially complied with the requirements of 16 C.F.R. § 703 as required by I.C. § 48–906. The only missing information in the arbitration procedure was a telephone number to call for information and a statement that to pursue remedies under federal law, the buyer must resort to the arbitration procedure. 16 C.F.R. § 703.2(b)(2)–(b)(3). Because this missing information is not a substantial departure from the requirements of the federal regulations, we conclude that Chrysler's arbitration procedure was qualified as required by I.C. § 48–906.

■ The arbitration board provided for in Chrysler's arbitration procedure found against the Griffiths and did not award the Griffiths any replacement or refund. Therefore, Chrysler did not refuse or fail to replace or refund, which is the predicate for treble damages under I.C. § 48–908. Following from this, the Griffiths are entitled to a $16,011.20 judgment against Chrysler. This amount is calculated by taking the amount the jury determined was the purchase price paid by the Griffiths ($16,500), subtracting the amount the jury awarded for the Griffiths' use of the vehicle ($2,745), and adding the costs awarded by the trial court ($2,256.20).

## III.

## THE TRIAL COURT DID NOT CORRECTLY HARMONIZE THE SPECIAL VERDICT.

The Griffiths assert that the trial court did not correctly harmonize the inconsistent parts of the special verdict. We agree.

■ To make a special verdict consistent, a court must look at the evidence and the instructions given and see if there is a view of the case that makes the jury's answers consistent. If there is this consistent view, the court must resolve the case in that way. *Lopez v. Langer*, 114 Idaho 873, 878, 761 P.2d 1225, 1230 (1988).

The trial court submitted the following four claims to the jury in the special verdict form:

1. The Griffiths' breach of warranty claims against both Latham and Chrysler.
2. The Griffiths' Lemon Law claim against Chrysler.
3. The Griffiths' claim against Credit which, as an assignee of Latham, was subject to any claims or defenses the Griffiths had against Latham.
4. Credit's counterclaim against the Griffiths for default, repossession, and repossession expenses.

Section I of the special verdict form asked whether the Griffiths rightfully revoked acceptance. It did not ask against whom the Griffiths had rightfully revoked—Latham or Chrysler. The jury found that the Griffiths had rightfully revoked, determining the value of the Griffiths' equity in the car they had traded, plus interest on that car, plus the payments the Griffiths made on the vehicle equaled $6,500. The jury found that the Griffiths were not entitled to consequential damages.

Section II of the special verdict form dealt with the Lemon Law claim against Chrysler. The jury found that Chrysler had violated the Lemon Law, that the purchase price of the car was $16,500, and that a reasonable allowance for the Griffiths' use of the vehicle was $2,745.

Section III of the special verdict form dealt with the breach of express warranty claims against both Chrysler and Latham. The jury found that Latham did not breach an express warranty. The first time the jury returned its verdict, it also found that Chrysler had not breached an express warranty. The trial court decided this was inconsistent with the jury's finding in section II of the special verdict that Chrysler had violated the Lemon Law. The trial court reasoned that one of the requirements for violating the Lemon Law is a breach of an express warranty, and that because the jury found that Chrysler had breached the Lemon Law, the jury must have found in section II of the special verdict that Chrysler breached an express warranty.

We note, however, that the Lemon Law and the Uniform Commercial Code, title 28 of the Idaho Code (the UCC), define express warranty differently, as did the jury instructions. *Cf.* I.C. § 48–902(2) (Supp.1995) *and* I.C. § 28–2–313 (1995). Apparently, the trial court concluded that the definitions were so similar that a manufacturer could not breach an express warranty under the Lemon Law without breaching an express warranty under the UCC. Therefore, the trial court indicated that these two answers were inconsistent and sent the jury back to deliberate further. When the jury returned after further deliberations, it changed its verdict and found that Chrysler had breached an express warranty. The jury found that the difference between the value of the vehicle as delivered and the vehicle as warranted was $5,300, and that there were consequential damages of $900.

Section IV of the special verdict form dealt with whether Latham breached an implied warranty. The jury found that Latham did not breach an implied warranty. The special verdict form did not ask the jury to determine if Chrysler had breached an implied warranty.

Section VI of the special verdict form dealt with Credit's counterclaim against the Griffiths. The jury answered that Credit had a right to recover against the Griffiths. It found that Credit sustained $2,130 in damages. The jury found in section I of the

special verdict, however, that the Griffiths had a right to revoke acceptance. If this right to revoke was against Latham, then it was inconsistent with the verdict in section VI for Credit because Credit was subject to any claims or defenses that the Griffiths had against Latham.

■ In attempting to harmonize the special verdict, the trial court concluded that when the jury found in section I of the special verdict that the Griffiths had the right to revoke acceptance, it was saying that the Griffiths had this right only against Chrysler, not Latham. This was an incorrect way to harmonize the special verdict. Under I.C. § 28-2-608 (1995), a buyer may revoke acceptance only against the seller. Therefore, the Griffiths were not entitled to revoke acceptance against Chrysler because Chrysler did not sell them the vehicle, and it was not correct for the trial court to construe this part of the special verdict to mean that the Griffiths revoked against Chrysler instead of Latham.

We conclude that the finding that the Griffiths had the right to revoke acceptance against Latham is consistent with a finding that Latham had not breached any warranties. Revocation of acceptance and breach of warranty are two different claims. When a buyer revokes acceptance, the buyer returns the goods and receives a refund. I.C. § 28-2-711 (1995) (damages for revocation of acceptance). When a buyer has goods that do not conform to express or implied warranties, the buyer keeps the goods and sues for the difference in the value of the goods as received and the value of the goods as warranted plus, in a proper case, any incidental and consequential damages. I.C. § 28-2-714 (1995) (damages for breach of warranty).

The tests to determine whether a buyer has a right to revoke and whether a warranty has been breached are also different. When goods do not conform to a promise or an affirmation of fact made by a seller, or the goods do not conform to a description, sample, or model, then a seller has breached an express warranty. I.C. § 28-2-313 (1995). If the goods are not merchantable, then the seller has breached an implied warranty.

I.C. § 28-2-314 (1995). These are objective tests.

■ In contrast, to revoke acceptance, the goods must have a nonconformity that substantially impairs the value of the goods to the buyer. I.C. § 28-2-608 (1995). This is a subjective test. *Jensen v. Seigel Mobile Homes Group*, 105 Idaho 189, 193, 668 P.2d 65, 69 (1983). According to *Jensen*, to decide if the value of goods has been substantially impaired, a court must make a two-step determination. First, the court must determine the purpose for which the buyer purchased the goods. Second, the court must determine whether the nonconformity substantially impaired the buyer's ability to use the goods for the purpose intended. *Id.* This two-step determination is not the same as the determination whether an express or an implied warranty has been breached. Whether an express or implied warranty has been breached is included in the revocation determination only in the sense that a breach of a warranty could substantially impair the value of the goods to the buyer. But the determinations each have a different standard. *See, e.g., Jensen* at 193–196, 668 P.2d at 69–72 (analyzing a revocation claim and a warranty claim in separate sections).

It is not inconsistent, therefore, for the jury to have found that the Griffiths had a right to revoke acceptance against Latham but that Latham had not breached either an express or an implied warranty.

We conclude that there is no inconsistency in the special verdict if we construe the answers given by the jury as indicating that the jury found there was a substantial impairment of the vehicle's value. This would allow a verdict for the Griffiths on the revocation claim against Latham and for the Griffiths on the Lemon Law claim against Chrysler.

■ Finding against Latham on the revocation claim still leaves the verdict inconsistent because if the Griffiths had a right to revoke against Latham and Credit was subject to any claims that the Griffiths had against Latham, then Credit could not prevail on its repossession claim. Neither the judge nor the parties, however, asked the

jury to reconsider its $2,130 award to Credit. At oral argument, counsel for the Griffiths consented to the jury's award of $2,130 against the Griffiths on this claim, despite the inconsistency. Although there is an inconsistency in the jury's award to Credit if the Griffiths are entitled to revoke acceptance, we accept the jury's award of $2,130 because of the Griffiths' consent.

 We also point out that although the Griffiths were entitled to present their claim for revocation of acceptance against Latham at the same time they sought damages against Chrysler under the Lemon Law, they are entitled to only one satisfaction. *Wolford v. Tankersley*, 107 Idaho 1062, 1067, 695 P.2d 1201, 1206 (1985). Therefore, whether Chrysler pays the whole amount of the judgment against it, or whether Latham and Chrysler each pay something to the Griffiths, the amount of the Griffiths' judgment against Chrysler measures the maximum judgment liability of Chrysler and Latham together.

## IV.

### THERE IS NO BASIS FOR OFFSETTING JUDGMENTS.

The Griffiths assert that the trial court should not have offset the judgments awarded to Latham and Credit against the judgment awarded to the Griffiths. We agree because those judgments are now dissolved by our harmonizing of the special verdict.

The judgment awarded to Latham for attorney fees and costs dissolves with our ruling above that the jury found the Griffiths had the right to revoke acceptance against Latham. The jury awarded the Griffiths $6,500, less $1,800 for the use of the vehicle. The Griffiths' recovery on this claim undermines the trial court's award of attorney fees to Latham as a prevailing party pursuant to I.C. § 12–120(3) (Supp.1995). The trial court indicated that it would not have found Latham to be a prevailing party if the Griffiths had prevailed on the revocation of acceptance claim when it said, "Clearly, if the jury finding of revocation of acceptance applies against Latham, then it applies against

Chrysler Credit, and neither would be a prevailing party."

Also, because Credit is not entitled to a judgment against the Griffiths, except the $2,130 jury award to which counsel for the Griffiths consented at oral argument, there is no basis for allowing Chrysler to offset any amount it paid Credit for the vehicle. Credit was not entitled to repossess the vehicle in the first place.

## V.

### CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for entry of an amended judgment awarding the Griffiths $16,011.20 against Chrysler and awarding Credit $2,130 against the Griffiths.

We award the Griffiths costs on appeal against Chrysler and Latham. Because of the mixed result between the Griffiths and Credit, we award no costs to either party on their claims against each other.

We award no attorney fees.

TROUT, SILAK and SCHROEDER, JJ., and TRANSTRUM, J. Pro Tem., concur.