79 P.3d 154

Robert C. POWERS and E. Joan Powers, husband and wife, Plaintiffs–Respondents–Cross Appellants,

v.

AMERICAN HONDA MOTOR CO., INC., a foreign corporation, Defendant–Appellant–Cross Respondent,

and

K & K Motors, Inc., d/b/a Honda of Spokane, Defendant.

No. 25622.

Supreme Court of Idaho, Boise, February 2003 Term.

Oct. 22, 2003.

Marcus, Merrick, Christian & Hardee, LLP, Boise, for appellant. Gale M. Merrick argued.

Cameron L. Phillips, Coeur d'Alene, for respondents.

SCHROEDER, Justice.

Shortly after purchasing a new vehicle from K & K Motors, d/b/a "Honda of Spokane" (K & K Motors), Robert and E. Joan Powers (the Powers) complained to K & K Motors that mice were entering the vehicle, creating a mess and·a bad smell. After unsuccessful attempts by K & K Motors to locate the entrance point and fix the problem, the Powers sued K & K Motors and American Honda Motor Company, Inc. (American Honda) for breach of express warranty and breach of implied warranty of merchantability, ·seeking revocation of acceptance and damages. Following· trial, the jury found that American Honda breached an implied warranty of merchantability. It also found that K & K Motors delivered conforming goods and was·thus not liable under revocation. The Powers and American Honda appeal.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In May of 1995 the Powers purchased a new Honda Odyssey van from K & K Motors in Spokane. The Powers live in a rural farm area near Coeur d'Alene Lake. About a week after the purchase, the Powers noticed mouse droppings inside the vehicle. When they took the vehicle in for service, they apprised K & K Motors of the mouse problem and asked K & K Motors to fix it. K & K Motors could not discover the entrance point of the mice. A month later the Powers again asked K & K Motors to repair the problem. By this point the smell in the vehicle was apparently continuous and very strong, especially when the heater or air conditioner was used. K & K Motors made considerable efforts to discover the entrance point of the mice and discovered nesting materials and mice droppings but could not solve the problem. Eventually, K & K Motors informed the Powers that they could do no more work on the mouse problem as it was not covered by the warranty on the vehicle.

The Powers sued K & K Motors and American Honda on February 27, 1996, alleging nonconforming goods, breach of express warranty, and breach of implied warranty of merchantability. In November of 1998 the case was tried before a jury. At the conclusion of the Powers' case, American Honda moved for a directed verdict with respect to the Powers' claim to revoke acceptance against American Honda. The district court denied the motion and allowed the Powers to present a common-law implied warranty theory against American Honda in addition to breach of express warranty. The district court included instructions that K & K Motors had "effectively excluded and disclaimed· all warranties, whether express or implied." The only theory in the instructions under which K & K Motors could be found liable was revocation of acceptance because of nonconforming goods.

The jury returned a special verdict finding that (1) the· vehicle was conforming; (2) American Honda did not breach any express warranty; and (3) American Honda did breach an implied warranty of merchantability. The district court entered judgment, awarding $10,250.00 against American Honda and dismissing with prejudice the claims against K & K Motors. American Honda moved for JNOV and/or a new trial. The motion was denied. The Powers moved to disallow costs and fees to K & K Motors and moved to·supplement their cost bill. American Honda objected to the Powers' request

for costs and fees. The district court found that K & K Motors was a prevailing party as against the Powers and that the Powers were a prevailing party as against American Honda. The district court granted K & K Motors costs and attorney fees against the Powers but denied them discretionary costs. The district court awarded costs to the Powers against American Honda but denied attorney fees. The Powers and American Honda appeal.

## II.

## THE DISTRICT COURT ERRED IN ITS REFUSAL TO GRANT AMERICAN HONDA'S MOTION FOR A DIRECTED VERDICT AND BY ALLOWING THE POWERS TO CONTINUE A PORTION OF ITS CASE ON THE COMMON LAW THEORY OF IMPLIED WARRANTY

### A. Standard of Review

■ "In determining whether a directed verdict or judgment n.o.v. should have been granted, the appellate court applies the same standard as does the trial court which passed on the motion originally." *Lunders v. Snyder*, 131 Idaho 689, 695, 963 P.2d 372, 378 (1998) (quoting *Quick v. Crane*, 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986)). In doing so, this Court exercises free review and does not defer to the findings of the trial court. *Id.* Therefore, this Court "must determine whether, admitting the truth of the adverse evidence and drawing every legitimate inference most favorably to the opposing party, there exists substantial evidence to justify submitting the case to the jury." *General Auto Parts Co., Inc. v. Genuine Parts Co.*, 132 Idaho 849, 855, 979 P.2d 1207, 1213 (1999) (quoting *Herrick v. Leuzinger*, 127 Idaho 293, 297, 900 P.2d 201, 205 (Ct. App.1995)). "The 'substantial evidence' test does not require the evidence be uncontradicted. It requires only that the evidence be of sufficient quantity and probative value that reasonable minds could conclude that a verdict in favor of the party against whom the motion is made is proper." *Id.* at 855, 979 P.2d at 1213 (quoting *All v. Smith's Mgmt. Corp.*, 109 Idaho 479, 480, 708 P.2d

884, 885 (1985)). A directed verdict is proper, then, "only where the evidence is so clear that all reasonable minds would reach only one conclusion: that the moving party should prevail." *Sheridan v. St. Luke's Reg'l Med. Ctr.*, 135 Idaho 775, 785, 25 P.3d 88, 98 (2001) (quoting *Student Loan Fund of Idaho v. Duerner*, 131 Idaho 45, 51, 951 P.2d 1272, 1278 (1997)).

### B. The motion for directed verdict should have been granted.

American Honda argues that its motion for directed verdict should have been granted because the remedy of revocation may only be granted against the seller, and not the manufacturer. American Honda says that because K & K Motors was not acting in privity or as an agent in the sale of the van, it may not be held liable as a seller under the theory of revocation.

■ American Honda bases this argument on the erroneous assumption that revocation was the only remedy sought as against American Honda. The Powers alleged two causes of action in addition to revocation—breach of express warranty and breach of implied warranty of merchantability—under which the remedy is damages, not revocation. I.C. § 28-2-714 ("The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.") *Griffith v. Latham Motors, Inc.*, 128 Idaho 356, 361, 913 P.2d 572, 577 (1996) ("When a buyer has goods that do not conform to express or implied warranties, the buyer keeps the goods and sues for the difference in the value of the goods as received and the value of the goods as warranted plus, in a proper case, any incidental damages and consequential damages.") (citing I.C. § 28-2-714). Contrary to the position of American Honda, the Powers sought remedies besides that of revocation of acceptance in the second amended complaint. The judgment entered by the district court awarded damages against American Honda under breach of implied warranty, not under revocation, and

did not provide for the return of the vehicle to American Honda. The jury instruction for revocation made it clear that the jury could only grant revocation against the dealer, K & K Motors. In addition, the jury found that revocation was not available against any party.

The issue is whether the district court should have submitted the theory of an implied warranty to the jury. American Honda maintains that there was no evidence to support a verdict against it on the issue of breach of implied warranty.

Idaho Code section 28–2–314 provides minimum standards for merchantability. "Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; and ... (c) are fit for the ordinary purposes for which such goods are used." I.C. § 28–2–314. It is expected that goods be "generally acceptable quality under the description used in the contract." *Dickerson v. Mountain View Equip. Co.*, 109 Idaho 711, 714, 710 P.2d 621, 624 (Ct.App.1985). The test for determining the breach of an implied warranty of merchantability, "is to examine whether the goods were unmerchantable at the time of delivery." *Id.* at 716, 710 P.2d at 626.

Even if applicable to American Honda, the implied warranty cannot be read to require the distribution of a mouse proof vehicle. There is no showing of how the mice entered the vehicle. The theoretical defect cannot be identified. Only the fact that mice entered the vehicle in some fashion was proved. There was insufficient evidence to submit the issue to the jury. In view of this conclusion, the issues of cost and attorney fees raised by the Powers are moot.

### III.

### CONCLUSION

The district court's denial of American Honda's motion for directed verdict is reversed. American Honda is entitled to costs on appeal. The case is remanded to the district court for a determination of the amount of costs to which American Honda is entitled for trial and on appeal and for con-

sideration of whether American Honda is entitled to attorney fees at trial and on appeal.

Chief Justice TROUT, Justice KIDWELL and Justice Pro Tem WILLIAMSON concur.

Justice EISMANN, specially concurring.

I concur in the opinion and write simply to add that the district court created a common-law implied warranty of merchantability that runs from the manufacturer to the ultimate purchaser, apparently to circumvent the requirement of privity. *See Ramerth v. Hart,* 133 Idaho 194, 983 P.2d 848 (1999). No such warranty exists.