87 P.3d 962

**G.W. HAIGHT,**

v.

**DALES USED CARS, INC., Dale A. Zook and Julie Zook,**

and

**First Security Bank and Does I to X, Defendants.**

No. 28024.

Court of Appeals of Idaho.

Oct. 24, 2003.

Review Denied April 6, 2004.

G.W. Haight, Coeur d'Alene, appellant.

John Patrick Whelan, Coeur d'Alene, for respondents.

PERRY, Judge.

G.W. Haight appeals from the judgment entered by the district court following a bench trial in an action to revoke acceptance of a used vehicle. We affirm.

## I.

## FACTS AND PROCEDURE

In January 1998, Haight became interested in a 1995 Jeep Grand Cherokee for sale at Dale's Used Cars, Inc. After test-driving the Jeep, confirming that it was covered by an unexpired manufacturer's warranty, and negotiating a deal, Haight made the purchase. As part of the sale contract, Haight submitted a list of items that needed repair, and Dale's agreed to have a local dealer make repairs covered under the unexpired warranty. The dealer discovered that, unbeknownst to either Haight or Dale's, the Jeep had previously sustained collision damage that had been insufficiently repaired. After an independent assessment of the damage, a body repair shop estimated that the damage could be fixed for approximately $2,800. Haight informed Dale's that he was revoking acceptance of the Jeep and expected to be reimbursed for the amount already paid under the contract. Dale's rejected Haight's revocation. Haight filed a complaint against Dale's and Dale A. Zook and Julie Zook, as owners of Dale's. Haight's complaint sought

revocation of acceptance and the return of the purchase price.

Prior to trial, both parties filed motions for summary judgment. These motions were denied and the case proceeded to trial. Haight also filed, and the district court denied, a motion to exclude evidence relating to whether the Jeep was purchased "as is." Following a bench trial, the district court concluded that Haight's revocation of acceptance was unjustified and entered judgment in favor of Dale's and the Zooks.

 On appeal, Haight argues that the district court erred when it entered judgment in favor of Dale's and the Zooks and granted them an award of attorney fees.[1]

## II.

## ANALYSIS

The sale of the used Jeep falls under Idaho's version of the Uniform Commercial Code governing sales, I.C. §§ 28-2-101 through 28-2-725. The issues on appeal turn on the application of the revocation of acceptance provision, I.C. § 28-2-608, to the facts of this case.

In articulating the proper standard of review for mixed questions of law and fact, this Court will differentiate among the fact-finding, law-stating, and law-applying functions of the trial courts. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). Appellate judges defer to findings of fact based upon substantial evidence, but they review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Id.*

### A. Revocation of Acceptance

Idaho Code Section 28-2-608 provides, in pertinent part:

> This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Washington County Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Because Haight has provided insufficient argument and no authority to support his contentions, the rule will not be relaxed and these issues will not be considered on appeal.

---

1. Although not listed as issues on appeal, Haight contends that the district court erred when it denied his motion for summary judgment and when it denied his motion to exclude certain evidence. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue on appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct.App.1991).

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

 (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

 (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

The primary issue on appeal is whether the Jeep was nonconforming. In evaluating Haight's claim, the district court held that the Jeep did not conform with an implied warranty of merchantability but that the nonconformity did not present a substantial impairment of the Jeep's value to Haight. The district court ultimately held that Haight was not entitled to revoke acceptance. Although we agree with the district court, we do so for a different reason—namely, that the Jeep did conform with Dale's obligations under the sale contract.

### 1. Nonconformity

"Goods or conduct including any part of a performance are 'conforming' or conform to the contract when they are in accordance with the obligations under the contract." I.C. § 28–2–106(2). The main dispute at trial, and now on appeal, centers on Dale's contract obligations with respect to the vehicle's body condition—whether Dale's effectively excluded the implied warranties of merchantability and fitness so that Dale's obligation was to deliver the Jeep "as is" with all the faults it contained at the time of the sale.

The agreement for the sale in this case was memorialized in three documents: a retail order for a motor vehicle; a buyer's guide; and an installment sale contract, security and disclosure agreement. Each of these documents was admitted into evidence at trial, and the parties did not dispute that these documents were executed as part of the sale transaction. Based on these documents and trial testimony, the district court concluded that no express warranty with respect to the Jeep's body condition had been

made. Additionally, the district court held that that the warranty of fitness for a particular purpose was effectively excluded by Dale's use of the letter "X" to mark a box next to the phrase "as is—no warranty" on the buyer's guide. However, the district court held that the implied warranty of merchantability had not been effectively excluded because the excluding language contained in the documentation did not use the term "merchantability" in a conspicuous manner. Ultimately, the district court concluded that the Jeep was not sold as is and was covered by an implied warranty of merchantability.

On appeal, we hold that the district court erred when it concluded that Dale's failed to effectively exclude the warranty of merchantability. Although a warranty exclusion clause must be conspicuous and must contain a specific reference to "merchantability" in order to exclude the warranty of merchantability under I.C. § 28–2–316(2), the warranty may also be excluded under I.C. § 28–2–316(3)(a) without mentioning merchantability. That subsection provides that "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." In this case, the retail order, which was read and signed by Haight at the time of the sale, stated: "This unit sold as is. No warranty or guarantee stated or implied." Additionally, the buyer's guide contained two boxes that Dale's could mark to indicate to the buyer whether any warranty was made with regard to the Jeep or whether the Jeep was sold as is with no warranty. The district court found that Dale's had, in a manner sufficient to exclude the warranty of fitness, marked next to the "as is" box on the buyer's guide. In bold capital lettering above Haight's signature, the installment sale contract stated that the Jeep was being "sold as is, with all defects, and without any warranty of fitness or merchantability." Although the district court found that the warranty exclusion language using the term "merchantability" was not conspicuous, we reach a contrary conclusion.

The use of bold lettering and the placement of the warranty disclaimer close to the signature line makes it qualify as "conspicuous." It, therefore, satisfied the requirements of I.C. § 28–2–316(2) with respect to the implied warranty of merchantability.

■ Additionally, the language regarding the warranty of fitness was sufficient to exclude that warranty under I.C. § 28–2–316(2). Even if the implied warranties of merchantability and fitness had not been effectively excluded under I.C. § 28–2–316(2), they were nonetheless excluded under subsection 28–2–316(3)(a) by the "as is" language on the buyer's guide. Therefore, Dale's obligation under the sale contract was to provide Haight with the Jeep as it was, including any defects it contained at the time of the sale. Haight has not maintained that the condition of the Jeep was different on the date that Dale's delivered it than it was at the time of the sale. Thus, we conclude that the Jeep conformed to the terms of the contract and that Haight was not entitled to revoke his acceptance.

■ Haight argues on appeal that, under the Magnuson–Moss Warranty Act, codified at 15 U.S.C. §§ 2301–2312, Dale's cannot disclaim implied warranties because Dale's offered a written manufacturer's warranty. Section 2308(a) provides that "no supplier may disclaim or modify . . . any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product." Although Dale's indicated in writing that the Jeep was still covered by an unexpired *manufacturer's* warranty at the time of the sale, Haight has provided no evidence that Dale's issued a written warranty as contemplated by Sections 2308(a) and 2301(6). Dale's mere acknowledgment of the manufacturer's express warranty did not make Dale's a party to that warranty. *See, e.g., Priebe v. Autobarn, Ltd.,* 240 F.3d 584, 587–88 (7th Cir. 2001); *Frank Griffin Volkswagen, Inc. v. Smith,* 610 So.2d 597, 599–601 (Fla.Dist.Ct. App.1992). Haight has therefore failed to show that Dale's disclaimer of implied warranties was prohibited under federal law.

■ Finally, Haight suggests on appeal that selling a vehicle with undisclosed prior collision damage gives rise to the right of revocation despite an effective disclaimer of the implied warranty of merchantability. However, the authority Haight cites for this proposition, Lee R. Russ, Annotation, *What Constitutes "Substantial Impairment" Entitling Buyer to Revoke His Acceptance of Goods Under UCC § 2–608(1),* 38 ALR 5th 191, § 11 (1996), does not support his position. That authority highlights cases dealing with sales where vehicles were represented to be new or free from damage or defects, where known damage or defects to the vehicles were not disclosed to the buyer, or where the implied warranty of merchantability had not been effectively disclaimed. The case at bar is distinguishable in that the damage to the Jeep was unknown to both parties and Dale's effectively disclaimed implied warranties. Thus, Haight has failed to show that the sale of the Jeep with prior collision damage automatically entitled him to revoke his acceptance.

### 2. Substantial Impairment

■ Even assuming the Jeep had not been in conformity with Dale's obligations under the sale contract, the district court determined that the Jeep's value to Haight was not substantially impaired by the alleged nonconformity. Haight contends on appeal that the district court erred because it improperly used the cost of repairing the Jeep to determine whether the Jeep's value to Haight had been substantially impaired.

■ To determine whether the value of goods has been substantially impaired, a court must follow a two-step analysis. *Griffith v. Latham Motors, Inc.,* 128 Idaho 356, 361, 913 P.2d 572, 577 (1996). First, the court must determine the purpose for which the buyer purchased the goods. Second, the court must determine whether the nonconformity substantially impaired the buyer's ability to use the goods for the purpose intended. *Id.*

In this case, the district court explained that it did not agree with Haight's argument that a buyer can revoke acceptance simply by deciding in his or her own mind that the

goods possess a defect that substantially impairs the value of the goods to the buyer. In analyzing Haight's claim under *Griffith*, the district court acknowledged that the testimony was conflicting with respect to discussions between Haight and Dale's regarding the purposes for which Haight was purchasing the vehicle. While Dale's denied any such discussions, Haight claimed he told Dale's that his purpose in purchasing the vehicle rested on safety concerns as well as towing needs. The district court determined that, under the circumstances of the case, the cost of repairs, amounting to approximately ten percent of the purchase price, was not enough to substantially impair the value of the Jeep to Haight. On appeal, Haight has failed to demonstrate that the district court's findings and determinations with respect to substantial impairment of the Jeep's value were clearly erroneous.

## B. Attorney Fees and Costs

 Haight claims that the district court erred when it awarded attorney fees to Dale's and the Zooks because they were not the prevailing parties under I.C. § 12–120. Aside from Haight's appellate brief, the record contains no indication that attorney fees were awarded. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct.App.1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

Idaho Code Section 12–120(3) provides that in any civil action to recover on a contract relating to the sale of goods the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs. In this case, Haight sought relief in the form of an order canceling the sale contract for the Jeep and a return of the purchase price. This relief was denied, making Dale's and the Zooks the prevailing parties. Haight has failed to show that Dale's and the Zooks were not entitled to attorney fees.

 Under I.C. § 12–120(3), Dale's and the Zooks claim entitlement to attorney fees

on appeal. It is well established that this statute mandates an award of attorney fees to the prevailing party on appeal as well as in the trial court. *Erickson v. Flynn*, 138 Idaho 430, 438, 64 P.3d 959, 967 (Ct.App.2002). Additionally, pursuant to Idaho Appellate Rule 40, the prevailing party on appeal shall be allowed an award of costs. In this appeal, the district court's judgment in favor of Dale's and the Zooks has been affirmed making them the prevailing parties. Accordingly, on appeal, we grant an award of attorney fees and costs to Dale's and the Zooks.

### III.

### CONCLUSION

For the foregoing reasons, Haight has failed to show that he was entitled to revoke his acceptance of the Jeep. The district court's judgment entered in favor of Dale's and the Zooks in this action for revocation of acceptance is affirmed. Attorney fees and costs are awarded on appeal to respondents, Dale's and the Zooks.

Chief Judge LANSING and Judge GUTIERREZ concur.